**Richard ERNST, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–97–00109–CR.

Court of Appeals of Texas, Austin.

June 11, 1998.

Verna Victoria Langham, New Braunfels, for appellant.

Charles R. Kimbrough, Criminal Dist. Atty., Lockhart, for state.

Before ABOUSSIE, JONES and DAVIS,* JJ.

DAVIS, Justice, (Retired).

■ The jury found appellant guilty of the offense of indecency with a child. *See* Tex. Penal Code Ann. § 21.11 (West 1994). The trial court assessed punishment at sixteen years' confinement and a fine of one thousand dollars. In a single point of error, appellant contends the trial court erred when it allowed testimony of alleged unadjudicated extraneous offenses during the guilt-innocence phase of the trial. We will overrule appellant's point of error and affirm the judgment of the trial court.

The indictment charged appellant (father of the victim) with engaging in a sexual contact with the victim, a child younger than seventeen years of age, by touching the breast of the victim with the hand of appellant, with the intent to arouse and gratify the sexual desire of appellant.

The victim lived with her father in a barn that had been converted into living quarters outside of Luling. In addition to the victim's testimony about the primary offense, the State proffered the testimony of the victim about appellant's having fondled her breasts and buttocks, penetrated her vagina with his finger, directed numerous sexual statements directed to the victim as well as inquiries to the victim about the possibility of sex with one of the victim's friends. According to the victim, these acts began when she was ten or eleven and increased in frequency after her mother was hospitalized for an indefinite period with a mental illness. A hearing was held outside the presence of the jury on the admissibility of the evidence concerning ap-

pellant's extraneous acts. The trial court overruled appellant's objection that the probative value was outweighed by the prejudicial harm of such evidence.

The State urged, both in the trial court and on appeal, that the evidence of appellant's extraneous acts toward the victim was admissible under article 38.37 of the Texas Code of Criminal Procedure, a relatively new statute. Appellant contends the State had no need to use extraneous matters for the purposes of context, motive, opportunity, plan, knowledge, identity, absence of mistake or accident. *See* Tex.R. Evid. 404(b).

Article 38.37, as it applies to the instant cause, provides that in a proceeding in the prosecution of a defendant for a sexual offense committed against a child under seventeen years:

> Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense *shall* be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.
>
> Sec. 3. On timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 2 in the same manner as the state is required to give notice under Rule 404(b), Texas Rules of Criminal Evidence.
>
> Sec. 4. This article does not limit the admissibility of evidence of extraneous crimes, wrongs, or acts under any other applicable law.

Tex.Code Crim. Proc. Ann. art. 38.37 (West 1995) (emphasis added).

Section 48(b) of the enacting legislation provides:

Tex. Gov't Code Ann. § 74.003(b) (West 1988).

---

* **Before Tom G.** Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

Article 38.37, Code of Criminal Procedure, as added by this section, applies to any criminal proceeding that commences on or after the effective date of this Act, regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of this Act.' "

Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 2734, 2749 (not codified).

The indictment alleged the primary offense occurred on or about February 22, 1996. Since trial began on May 8, 1996, there appears to be no dispute that Article 38.27 is applicable to the instant cause.

Herasimchuk,[1] *Article 38.37: Using extraneous acts as evidence in child victim cases* provides a helpful analysis of Article 38.37. Among the more significant observations made by the author are: (1) The extraneous evidence "shall be admitted" for its bearing on any relevant matter "notwithstanding Rules 404 and 405"; (2)[T]he rule is "strongly tipped in favor of admissibility" subject to a Rule 403 analysis that shows its probative value is outweighed by the "danger of unfair prejudice, confusion of the issues—"; and the extraneous offenses are admissible in the State's case in chief and are not contingent upon the victim's version being impeached. *See* Herasimchuk, *Texas Prosecutor Special Issue* 1995, at 14–16.

In reviewing the logical relevance of extraneous act evidence in child sexual abuse cases, the Herasimchuk article cited the 1951 *Johns* case, which predated more recent cases that have taken a narrower view of the admissibility of extraneous offenses, and explained its rationale for admissibility of extraneous offenses of a person in authority committed against a child:

In *Johns v. State*, 155 Tex.Crim. 503, 236 S.W.2d 820, 823 (1951), the court elaborated on its explanation that other acts of misconduct between the accused and the child victim are relevant to show how a person in a position of authority, custody, or care of a young child has developed an unnatural attitude and relationship toward that child to explain the charged act—an act that would otherwise seem wholly illogical and implausible to the average juror. Understandably most jurors are reluctant to believe that parents or others in a parental position would commit sexual or physical crimes against their own or other children. Such evidence not only shows that a peculiar relationship exists, but also how and why the defendant achieved dominance over the child.

*Id.* at 15.

Our research has only revealed three opinions by courts of appeals that have considered Article 38.37, as applied to this cause. *See Howland v. State*, 966 S.W.2d 98 (Tex. App.—Houston [1st Dist.] pet. filed); *Hinds v. State*, 970 S.W.2d 33 (Tex.App.—Dallas 1998, no pet.); *Cole v. State*, —— S.W.2d ——, 1998 WL 105964 (Tex.App.—Fort Worth 1998, pet. filed).[2] In *Howland*, the defendant was indicted before the effective date of Article 38.37, while trial began after its effective date. The court held that any criminal "proceeding" that began after its effective date included commencement of the trial. Accordingly, Article 38.37 was held to be applicable. *Howland*, slip. op. at 2–4. In *Hinds*, the court rejected the defendant's claim that Article 38.37 did not supercede Rule 402 and held that the child's testimony of other crimes committed by the defendant against the victim were admissible under Article 38.37. *Hinds*, slip op. at 34.

In the instant cause, we hold that the victim's testimony of other sexual conduct inflicted by appellant was relevant to show appellant's state of mind and the previous relationship between appellant and the victim.

Admissibility *vel non* requires that we apply the balancing test of probative value versus substantial prejudice under Rule 403, because appellant also objected on Rule 403 grounds. Factors relevant to making such a

---

**1.** Cathleen Herasimchuk is of counsel with the Houston law firm of Hardin, Bees, Hagstette & Davidson. Herasimchuk is the author of the Texas Rules of Evidence Handbook.

**2.** The only issue in *Cole* was whether timely notice of extraneous offense evidence was waived.

 

determination were delineated in *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim. App.1990) (emphasis in original):

> [How] great is the proponent's *"need"* for the extraneous transaction? This last inquiry breaks down into three subparts: Does the proponent have other available evidence to establish the fact of consequence that the extraneous misconduct is relevant to show? If so, how strong is that other evidence? And is the fact of consequence related to an issue that is in dispute? When the proponent has other compelling or undisputed evidence to establish the proposition or fact that the extraneous misconduct goes to prove, the misconduct evidence will weigh far less than it otherwise might in the probative-versus-prejudicial balance.

Appellant admitted "roughhousing with the victim" but vigorously denied having ever touched the victim improperly. Appellant stated that the victim was upset with him because he had not allowed her the freedom she wanted. A number of relatives testified that they had never seen appellant molest the victim. However, there was testimony that some of the relatives felt that "something was going on" between appellant and the victim. A sister-in-law testified that she had found the victim to be a manipulative child.

The following standard set forth in *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim.App.1990), governs our review of the trial court's action in admitting evidence: "[A]s long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede." *Id.* at 391.

As heretofore noted, the State did not have to wait until appellant denied the allegations against him before introducing testimony of prior misconduct. However, when the issue was joined by appellant's denial and the testimony of relatives that supported appellant, the State, as the proponent, had a need to show appellant's prior conduct toward the victim. We hold that the probative value of the evidence of the extraneous acts outweighed their prejudicial effect and such evidence was admissible under article 38.37 and

Rule 403. Appellant's point of error is overruled.

The judgment is affirmed.