TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00646-CR


NO. 03-98-00647-CR







Gary Frank Allen, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NOS. 6806 & 6807, HONORABLE C.W. DUNCAN, JR., JUDGE PRESIDING







In each cause, a jury found appellant Gary Frank Allen guilty of indecency with
a child by contact. See Tex. Penal Code Ann. § 21.11(a)(1) (West 1994). The district court
assessed punishment for these offenses at imprisonment for five years. By a single point of error,
appellant contends the court reversibly erred by admitting evidence of extraneous misconduct at
the guilt stage of trial. We will overrule this contention and affirm the convictions.

The offenses for which appellant was convicted occurred in 1990, when the
complainants were five years old. The complainants made their first outcry in 1997. The
challenged testimony apparently was offered to explain why the children did not speak out
sooner. (1) Over objection, the complainants' aunt testified, "I was around [appellant] when he was
verbally abusive with the children, called them stupid, idiots. He yelled at them. His tone of
voice was always very loud, and he kept the children intimidated and afraid of him, by my
observation." She said that both at home and in public, appellant used "very filthy language,
cursing, and he was very vulgar and embarrassing." She added, "He was very coarse. Cursed
very foul, foul language whenever we were around him."

Evidence of other wrongs or acts by the defendant is not admissible to prove his
character in order to show that he acted in conformity to that character on a particular occasion. 
See Tex. R. Evid. 404(b). Notwithstanding this rule, evidence of other wrongs or acts by the
defendant against the alleged victim is admissible in a trial for a sexual offense committed against
a child under seventeen years of age "for its bearing on relevant matters," including "the state of
mind of the defendant and the child" and "the previous and subsequent relationship between the
defendant and the child." Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 1999). 
Although the offenses of which appellant was accused occurred before the effective date of article
38.37, the trial began after the effective date and the statute was applicable. See Howland v.
State, 990 S.W.2d 274, 277 (Tex. Crim. App. 1999); Ernst v. State, 971 S.W.2d 698, 700 (Tex.
App.--Austin 1998, no pet.).

A trial court is given broad discretion to admit or exclude evidence of extraneous
misconduct, and its ruling will not be disturbed on appeal if it was within the zone of reasonable
disagreement. See Poole v. State, 974 S.W.2d 892, 897 (Tex. App.--Austin 1998, no pet.); Ernst,
971 S.W.2d at 701. In these causes, the district court could reasonably conclude that testimony
regarding appellant's use of abusive language toward the victims was relevant both to their state
of mind and to their relationship with appellant.

We are also satisfied that the challenged testimony did not adversely affect
appellant's substantial rights. See Tex. R. App. P. 44.2(b); Tex. R. Evid. 103(a). The children
testified without objection that they did not speak up sooner because they were afraid of appellant
and feared that he would take them from the custody of their grandmother. One child testified
that appellant was "mean" and beat her with a paddle for no reason. The other child testified that
appellant killed her pets by shooting them or throwing them off a bridge. In light of this
testimony, any error in the admission of the aunt's testimony was harmless.

The point of error is overruled and the judgments of conviction are affirmed.




 


 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: October 21, 1999

Do Not Publish
1. Appellant's trial objections were overruled without comment by the State or the court, and
no limiting instruction was requested or given. In its brief, the State argues that the testimony was
admissible to explain the complainants' prior silence.



TRONG>
v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NOS. 6806 & 6807, HONORABLE C.W. DUNCAN, JR., JUDGE PRESIDING







In each cause, a jury found appellant Gary Frank Allen guilty of indecency with
a child by contact. See Tex. Penal Code Ann. § 21.11(a)(1) (West 1994). The district court
assessed punishment for these offenses at imprisonment for five years. By a single point of error,
appellant contends the court reversibly erred by admitting evidence of extraneous misconduct at
the guilt stage of trial. We will overrule this contention and affirm the convictions.

The offenses for which appellant was convicted occurred in 1990, when the
complainants were five years old. The complainants made their first outcry in 1997. The
challenged testimony apparently was offered to explain why the children did not speak out
sooner. (1) Over objection, the complainants' aunt testified, "I was around [appellant] when he was
verbally abusive with the children, called them stupid, idiots. He yelled at them. His tone of
voice was always very loud, and he kept the children intimidated and afraid of him, by my
observation." She said that both at home and in public, appellant used "very filthy language,
cursing, and he was very vulgar and embarrassing." She added, "He was very coarse. Cursed
very foul, foul language whenever we were around him."

Evidence of other wrongs or acts by the defendant is not admissible to prove his
character in order to show that he acted in conformity to that character on a particular occasion. 
See Tex. R. Evid. 404(b). Notwithstanding this rule, evidence of other wrongs or acts by the
defendant against the alleged victim is admissible in a trial for a sexual offense committed against
a child under seventeen years of age "for its bearing on relevant matters," including "the state of
mind of the defendant and the child" and "the previous and subsequent relationship between the
defendant and the child." Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 1999). 
Although the offenses of which appellant was accused occurred before the effective date of article
38.37, the trial began after the effective date and the statute was applicable. See Howland v.
State, 990 S.W.2d 274, 277 (Tex. Crim. App. 1999); Ernst v. State, 971 S.W.2d 698, 700 (Tex.
App.--Austin 1998, no pet.).

A trial court is given broad discretion to admit or exclude evidence of extraneous
misconduct, and its ruling will not be disturbed on appeal if it was within the zone of reasonable
disagreement. See Poole v. State, 974 S.W.2d 892, 897 (Tex. App.--Austin 1998, no pet.); Ernst,
971 S.W.2d at 701. In these causes, the district court could reasonably conclude that testimony
regarding appellant's use of abusive language toward the victims was relevant both to their state
of mind and to their relationship with appellant.

We are also satisfied that the challenged testimony did not adversely affect
appellant's substantial rights. See Tex. R. App. P. 44.2(b); Tex. R. Evid. 103(a). The children
testified without objection that they did not speak up sooner because they were afraid of appellant
and feared that he would take them from the custody of their grandmother. One child testified
that appellant was "mean" and beat her with a paddle for no reason. The other child testified that
appellant killed her pets by shooting them or throwing them off a bridge. In light of this
testimony, any error in the admission of the aunt's testimony was harmless.

The point of error is ove