Opinion issued October 12, 2006


















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00586-CR
____________

JAWAID AHMED PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 996821
 

 
 
MEMORANDUM OPINION
             A jury found appellant, Jawaid Ahmed Parker, guilty of the offense of sexual
assault of a child


 and assessed punishment at confinement for fifteen years and a fine
of $10,000. In five points of error, appellant contends that the evidence is legally and
factually insufficient to support his conviction and that the trial court erred in
admitting extraneous offense evidence, in denying his motions for mistrial after the
admission of extraneous offense evidence, and in admitting into evidence letters
purportedly written by him to the complainant.
          We affirm.
Factual and Procedural Background
          The complainant, who was twenty years old at the time of trial, testified that
in 1990, appellant, her uncle, moved from Pakistan to live with her family when she
was six years old. Shortly after he moved in, she kissed appellant, who was then
nineteen years old, on the lips and described it as a “sexy movie kiss.” She stated that
appellant did not “pull away or say anything.” Appellant would also touch her
“caressingly” on her back and shoulders over her clothes. When she was eight years
old, the kissing became more intimate. When she was ten years old, appellant
touched her under her clothes “in places like my breast [and] my frontal vagina area.” 
She explained that she did not tell her parents about her relationship with appellant
because appellant was giving her gifts, money, and candy to keep quiet. 
          The complainant also testified that on February 14, 1998, when she was
thirteen years old, appellant penetrated her sexual organ with his sexual organ.


 They
had sexual intercourse approximately once a week until she was fifteen years old. 
After she turned fifteen, she and appellant were having intercourse approximately
three times a week. 
          The complainant further testified that when she was eighteen years old,
appellant persuaded her to marry him by telling her that he was in danger of getting
deported. They kept the marriage a secret from everyone. After appellant was
arrested by the United States Immigration and Naturalization Service (“INS”), the
complainant gave a sworn statement to the arresting officer regarding her relationship
with appellant, but did not mention the sexual nature of her relationship with
appellant when she was a child. Approximately six weeks later, the complainant
returned to the INS office and made another sworn statement describing the sexual
contact she had with appellant since she was six years old.
          Freda Parker, the complainant’s mother, testified that, sometime in 2004, she
discovered that the complainant and appellant had married. At that time, the
complainant had moved to Austin, but Mrs. Parker explained that she was not aware
that the complainant was sharing a home in Austin with appellant. Once Mrs. Parker
learned that her daughter had moved to Austin to be with appellant, she contacted
multiple police agencies before finally contacting INS. 
          Marco Salterelli, an INS agent, testified that on May 28, 2004, he arrested
appellant based on suspicion of “marriage fraud.” Salterelli explained that, upon
questioning the complainant, he became aware that her case possibly involved child
abuse and contacted the Harris County Sheriff’s Department Child Abuse Unit.
Legal and Factual Sufficiency
          In his fourth and fifth points of error, appellant argues that the evidence is
legally and factually insufficient to support his conviction of sexual assault because
the complainant’s testimony contained “rampant inconsistencies” and she had an
“obvious financial motive behind this case.” He asserts that the complainant’s
“credibility was impeached time and time again.”
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that
the trier of fact is the sole judge of the weight and credibility of the evidence. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).
          In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. 
Vodochodsky, 158 S.W.3d at 510. The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the fact
finder was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). In performing a factual
sufficiency review, we are to give deference to the fact finder’s determinations,
including determinations involving the credibility and demeanor of witnesses. Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not
substitute our judgment for the fact finder’s. Zuniga, 144 S.W.3d at 482.
 

          Appellant argues that the State failed to prove its case beyond a reasonable
doubt because no evidence other than the complainant’s testimony was presented at
trial. He notes that the State “offered no evidence in the form of medical evidence,
photographic evidence, DNA evidence, confessions, or any corroborating witnesses
to substantiate each and every element of the offense.” Appellant asserts that the
complainant’s testimony was impeached, including her testimony about the touching
that occurred when she was ten years old and the number of times and the time of
night that the complainant and appellant had sexual intercourse. Appellant also
points to evidence suggesting that the complainant had not been traumatized and
manipulated by appellant. Specifically, during cross-examination, the complainant
conceded that she did not tell INS agents and other police officers the truth about her
relationship with appellant. Moreover, the complainant testified that she had written
a letter to an immigration judge detailing how appellant was an “honorable man,” and
she continued to visit appellant after he was arrested. Finally, appellant asserts that
the charges against him were financially motivated, noting that the complainant
admitted she had attempted to sell appellant’s belongings while he was incarcerated.
          The testimony of a complainant, standing alone, is sufficient to support a
conviction for sexual assault. Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.—San
Antonio 1994, pet. ref’d) (citing Villalon v. State, 791 S.W.2d 130, 133 (Tex. Crim.
App. 1990)). Evidence is legally sufficient as long as it provides the requisite proof
needed to satisfy the elements of the offense charged. Bousquet v. State, 47 S.W.3d
131, 137 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).
          Here, the complainant testified that appellant regularly had sexual intercourse
with her when she was less than seventeen years old. She did admit that she initially
did not tell the INS agent about the sexual relationship when appellant was taken into
custody. She also admitted that, approximately six weeks later, she made a statement
to INS that she had sex with appellant only five times. However, the complainant
explained that, at the time she met with INS and made the original statement, she had
not had enough time to reflect on the past and realize that appellant was still
“programming” her to think that “all was still right.” It is also true that although the
complainant had sworn in her statement that she and appellant usually had sexual
intercourse at 8:00 p.m. and that the sexual intercourse never occurred while her
parents were home, she testified that her parents were always home by 8:00 p.m. 
However, such inconsistencies are factors for the jury’s considerations. See Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
          In regard to her letter to the immigration judge, the complainant explained that
appellant dictated the letter to her. She did continue to see appellant and take his
phone calls when he was in jail, but she stopped abruptly once she came to the
realization of what was “good and what was wrong.” The complainant also explained
that she tried to sell appellant’s belongings to pay the debts that she was left with as
a consequence of his incarceration. 
          Viewing all the evidence in the light most favorable to the jury’s verdict, we
conclude that a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Furthermore, viewing the evidence neutrally, we
conclude that the evidence is not so weak that the verdict is clearly wrong or
manifestly unjust or that the standard of proof beyond a reasonable doubt could not
have been met. Accordingly, we hold that the evidence is legally and factually
sufficient to support appellant’s conviction.
          We overrule appellant’s fourth and fifth points of error.
Extraneous Offense Evidence
          In his first point of error, appellant asserts that the trial court erred in admitting
testimony from the complainant regarding extraneous offenses committed by
appellant, including indecency with a child, sexual assault of a child, and prohibited
sexual contact “in violation of the Texas Rules of Evidence 402, 403, 404(b) and the
Fifth and Fourteenth Amendments to the United States Constitution as well as Article
One Section Ten of the Texas Constitution.”
 

          Initially, we note that although appellant alleges violations of both the United
States and Texas constitutions, he cites no legal authority to support his argument. 
When an appellant provides no argument or authority with respect to constitutional
protections, those points of error are inadequately briefed. See Tex. R. App. P.
38.1(h); Russeau v. State, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). Because
appellant has failed to adequately brief his argument that the complainant’s testimony
regarding extraneous offenses committed by appellant violated the United States and
Texas constitutions, he has waived those issues for our review. See id. 
          Appellant argues that the evidence of his extraneous offenses was not relevant
and constitutes inadmissible character evidence. See Tex. R. Evid. 402, 404(b). 
However, in a sexual assault case with a complainant under seventeen years of age,
the Texas Code of Criminal Procedure provides, 
Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence
of other crimes, wrongs, or acts committed by the defendant against the
child who is the victim of the alleged offense shall be admitted for its
bearing on relevant matters, including: 
 
(1)     the state of mind of the defendant and the child; and 
 
(2)     the previous and subsequent relationship between
the defendant and the child.
 
Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp. 2005). Section two of
article 38.37 supersedes the application of Texas Rules of Evidence 402 and 404. 
Howland v. State, 966 S.W.2d 98, 103 (Tex. App.—Houston [1st Dist.] 1998), aff’d
on other grounds, 990 S.W.2d 274 (Tex. Crim. App. 1999).
          In this case, the complainant testified that appellant fondled and kissed her in
an escalating fashion when she was between the ages of six and ten, that he felt her
under her clothes when she was ten, and that he had sexual intercourse with her when
she was thirteen. Because the testimony was relevant to the state of mind of the
complainant and appellant, as well as to the previous and subsequent relationship
between the complainant and appellant, we hold that the trial court did not err in
admitting the evidence. See Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon
Supp. 2005); see, e.g., Hinojosa v. State, 995 S.W.2d 955, 957 (Tex. App.—Houston
[14th Dist.] 1999, no pet.) (stating evidence of 520 instances of molestation of child
was relevant to show state of mind of both child and defendant and nature of their
relationship). 
          Appellant also objected to the admission of these extraneous offenses under
rule 403, which provides that “[a]lthough relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury.” Tex. R. Evid. 403. The presumption
is that relevant evidence is more probative than prejudicial. Montgomery v. State, 810
S.W.2d 372, 389 (Tex. Crim. App. 1990). Appellate courts are to give trial courts
wide latitude in making a rule 403 ruling. Id. at 390. An appellate court should not
reverse a trial court’s ruling on the admissibility of evidence that was “within the
zone of reasonable disagreement.” Id. at 391.
          Once a rule 403 objection as to prejudice versus probative value is invoked, a
trial court has no discretion as to whether or not to engage in the balancing test
required by that rule. Williams v. State, 958 S.W.2d 186, 195 (Tex. Crim. App.
1997). However, the trial court is not required to sua sponte place into the record any
findings it makes or conclusions it draws when engaging in this test. Id. Rather, the
court is presumed to engage in the required balancing test once rule 403 is invoked. 
Id. The trial court’s silence on the record does not imply a failure to conduct the
balancing test. See id. at 195–96. If the record is silent, we may presume that the trial
court conducted the balancing test and found the evidence more probative than
prejudicial. Howland, 966 S.W.2d at 103.
          Extraneous acts between a minor complainant and a defendant are typically
more probative than prejudicial. Boutwell v. State, 719 S.W.2d 164, 176 (Tex. Crim.
App. 1985). For example, in Hinojosa, a case regarding the sexual assault of a child,
the court upheld the trial court’s ruling that the complainant’s testimony regarding the
defendant’s past sexual acts against her was more probative than prejudicial. 995
S.W.2d at 958; see also Ernst v. State, 971 S.W.2d 698, 701 (Tex. App.—Austin
1998, no pet.) (“We hold that the probative value of the evidence of the extraneous
acts [of sexual contact between the defendant and the child victim] outweighed their
prejudicial effect and such evidence was admissible.”); Poole v. State, 974 S.W.2d
892, 897–98 (Tex. App.—Austin 1998, pet. ref’d) (holding child complainant’s
testimony regarding defendant’s past sexual acts against her more probative than
prejudicial). 
          Here, as in the cases above, the extraneous offense evidence involved previous
sexual contacts between appellant and the complainant. Such evidence is probative
of the state of mind of appellant and the complainant, and it illustrates the nature of
the complainant and appellant’s relationship. See Tex. Code Crim. Proc. Ann. art.
38.37 (Vernon Supp. 2005). Moreover, evidence of past sexual contact between the
complainant and appellant places the underlying allegations in the broader context
of the relationship between the two and aids in explaining acts that “would not
otherwise appear plausible.” Boutwell, 719 S.W.2d at 176. Accordingly, we hold
that the trial court did not err in concluding that the probative value of the evidence
of the extraneous offenses was not substantially outweighed by the danger of unfair
prejudice and in admitting the complainant’s testimony about them.
          We overrule appellant’s first point of error.
 

Mistrial
          In his second point of error, appellant asserts that the trial court erred in
denying his motions for mistrial made when the complainant testified about the
extraneous offenses of aggravated assault with a deadly weapon and possession of a
controlled substance by appellant after the State failed to provide notice of its intent
to introduce such evidence.


 On both occasions, the trial court sustained appellant’s
objections to the introduction of the evidence, instructed the jury to disregard the
testimony, and denied appellant’s motions for mistrial. Appellant contends that the
trial court’s instructions to disregard were insufficient under the circumstances.
          When a trial court sustains an objection and instructs a jury to disregard
testimony but denies a defendant’s motion for mistrial, the issue is whether the trial
court erred in denying the motion for mistrial. Sauceda v. State, 859 S.W.2d 469, 474
(Tex. App.—Dallas 1993, pet. ref’d). The denial of a motion for mistrial is reviewed
under an abuse of discretion standard. See Trevino v. State, 991 S.W.2d 849, 851
(Tex. Crim. App. 1999). A trial court does not abuse its discretion when its decision 

is at least within the “zone of reasonable disagreement.” See Montgomery, 810
S.W.2d at 391.
          A prompt instruction to disregard generally cures the error arising out of an
improper question and answer. Herrero v. State, 124 S.W.3d 827, 836 (Tex.
App.—Houston [14th Dist.] 2003, no pet.). An instruction to disregard can cure
testimony regarding an extraneous offense “unless it appears the evidence was so
clearly calculated to inflame the minds of the jury or is of such damning character as
to suggest it would be impossible to remove the harmful impression from the jury’s
mind.” Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). 
          First, appellant asserts that the trial court erred in allowing extraneous offense
evidence regarding a prior assault by appellant on the complainant. After the
complainant testified regarding an incident where appellant had threatened her with
knives, appellant objected and the prosecutor stated that “[he] didn’t know anything
about it until right now.” The trial court sustained appellant’s objection and then
instructed the jury to disregard the testimony. Because the State asserted that it did
not know about the alleged assault, the trial court could have reasonably concluded
that the State’s question was unintentional, and therefore not clearly calculated to
inflame the minds of the jury. See Kemp, 846 S.W.2d at 308. 
 

          The complainant also testified that appellant had used narcotics. During the
guilt phase of the trial, the following exchange took place from which appellant
complains:
[State]:                             Was it Mr. – did Agent Salterelli ever talk to
you about anything other than those topics
that he was interested in?
 
[The complainant]:          No.
 
[State]:                             Did you ever hint to him that there was more
going on --
 
[Defense Counsel]:          Objection leading.
 
[Trial Court]:                   Overruled.
 
[State]:                             – in this relationship?
 
[The complainant]:          Yes, sir.
 
[State]:                             How so?
 
[The complainant]:          That he has done drugs and he --
 
[Defense Counsel]:          Objection.
 
[Trial Court]:                   Sustained.
 
[Defense Counsel]:          It violates Rule 402, 403, 404.
 
[Trial Court]:                   Objection has been sustained.
 
[Defense Counsel]:          Move to strike.
 
[Trial Court]:                   The jury will disregard the last statement of
the witness.
 
[Defense Counsel]:          I respectfully move for a mistrial. 
 
[Trial Court]:                   Denied.
 
[State]:                             And I will be more specific Ms. Parker. What
I’m talking about on or about May 28, 2004,
did you ever hint to Agent Salterelli that there
was more to your physical relationship with
the defendant?
 
[The complainant]:          No, sir.

          Again, the trial court, listening to the above exchange, could have concluded
that the testimony was elicited unintentionally by the State and therefore given the
totality of the circumstances, not calculated to inflame the minds of the jury. See
Kemp, 846 S.W.2d at 308. Here, it is apparent that the State was actually attempting
to elicit whether the complainant had told Salterelli about her past sexual relationship
with appellant. Accordingly, we hold that the trial court did not err in denying
appellant’s motions for mistrial.
          We overrule appellant’s second point of error.
Improperly Admitted Evidence
          In his third point of error, appellant argues that the trial court erred in admitting
three letters purportedly written by him to the complainant, because they were not
relevant, contained inadmissible hearsay, not properly authenticated, and their
probative value was substantially outweighed by the danger of unfair prejudice.
          Regarding the first letter, State’s Exhibit 1, appellant’s sole objection to
admissibility was that the letter had not been properly authenticated. See Tex. R.
Evid. 901. Appellant did not object to the letter on the basis of relevance, unfair
prejudice, or hearsay. Appellant has failed to preserve for our review any complaint
regarding rules 402 and 403 and hearsay because he made no timely request,
objection, or motion based on these grounds. See Tex. R. App. P. 33.1. 
          Thus, the sole issue regarding the first letter before us on appeal is whether the
letter was properly authenticated because it was not signed. A document must be
authenticated before it can be admitted into evidence. Tex. R. Evid. 901. A
handwritten document can be authenticated by a nonexpert opinion as to the
genuineness of the handwriting. Tex. R. Evid. 901(b)(2). Appellant relies on a
Missouri appellate court opinion stating that a signature alone is not enough to
support authentication of a document. Missouri v. Davis, 849 S.W.2d 34, 41 (Mo. Ct.
App. 1993). Appellant concludes that “according to this proposition a document
without a signature has an even lesser chance of being authenticated than does one
that has a signature.”
 

          This argument is without merit. In Davis, the witness testified regarding the
document in question and did not identify the handwriting on the document. Id. The
only evidence of authentication presented were the signatures on the documents. Id. 
Texas Rule of Evidence 901(b)(2) expressly accepts a nonexpert witness’s testimony
based upon familiarity not acquired for purposes of the litigation identifying the
handwriting as sufficient to authenticate the writing as that of the person who the
witness identifies as having authored the letter. Tex. R. Evid. 901(b)(2). Here, the
complainant testified that she recognized the handwriting in the letter as that of
appellant. She further explained that she recognized appellant’s handwriting because
“[h]e wrote me a lot of letters.” Moreover, we note that, during the punishment
phase, appellant admitted that he wrote the letters. Accordingly, we hold that the trial
court did not err in admitting the first letter, State’s Exhibit 1, into evidence.
          Regarding the other two letters, State’s Exhibits 3 and 4, the following
exchange occurred:
[State]:                             Judge I tender State’s 3 and 4 to defense
attorney, and I ask that they be admitted.
 
[Defense Counsel]:          I object to admission of State’s 3 and 4 in that
they violate rules 403, 404(b) of the Texas
rules of evidence, and they’re hearsay.
 
[Trial Court]:                   Approach the bench, please . . .
Let’s see, 404 objection is overruled. Just in
between this and this?
 
[Defense Counsel]:          Yes.
[State]:                             Well, I think a mention of the mother in one
of the letters, Your Honor.
 
[Trial Court]:                   Okay.
[Defense Counsel]:          No objection.
[State]:                             No.
[Trial Court]:                   State’s 3 and 4 are admitted.
[Defense Counsel]:          I have no objection.
(emphasis added). Where an appellant creates the impression that he is abandoning
his objection, his initial objection is not sufficient to preserve error. Cole v. State,
194 S.W.3d 538, 545 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d) (citing Purtell
v. State, 761 S.W.2d 360, 366 (Tex. Crim. App. 1988)). Here, after initially objecting
to the admission of State’s Exhibits 3 and 4, appellant withdrew his objections. 
Appellant went beyond merely abandoning his objection by expressly stating that he
had “no objection” to the admission of State’s Exhibits 3 and 4. Accordingly,
appellant failed to preserve any complaint for appeal regarding the admission of
State’s Exhibits 3 and 4 into evidence. See id.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists Justices Nuchia, Jennings, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).