In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00021-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

EDDIE
KEVIN COLEMAN

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

Memorandum
Opinion Per Curiam

 

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Eddie Kevin Coleman has filed a petition
for writ of mandamus in which he asks this Court to order the 8th Judicial
District Court of Hopkins County, Texas, to rule on his motion to dismiss for
want of prosecution in trial court cause number CV34788.  Coleman filed his motion to dismiss on
December 2, 2008,[1] claiming the
State brought a lawsuit for the seizure of $2,240.00 in United States currency
on September 7, 2002, and has failed to prosecute that action.  Coleman claims that his motion to dismiss was
not ruled upon within a reasonable time.

            We may grant a petition for writ of
mandamus when the relator shows there is no adequate remedy at law to redress
the alleged harm and that the act to be compelled is purely ministerial.  Aranda
v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig.
proceeding) (citing Winters v. Presiding
Judge of Criminal Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim.
App. 2003)).  When a motion is properly
filed and pending before a trial court, considering and ruling on that motion
is a ministerial act and mandamus may issue to compel the trial court to act.  In re
Kleven, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); see also Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

            A trial court must consider and rule
on a motion brought to the court’s attention within a reasonable amount of
time.  In re Bonds, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig.
proceeding).  While we have jurisdiction
to direct the trial court to proceed and rule, we may not tell the court what
ruling it should make.  O’Donniley v. Golden, 860 S.W.2d 267,
269–70 (Tex. App.—Tyler 1993, orig. proceeding).  

            Coleman’s motion has been pending
and ripe for a ruling for almost sixteen months.[2]  Coleman is entitled to have a ruling on his
motion.  We, therefore, conditionally
grant Coleman’s petition for writ of mandamus. 
The writ will issue only if the trial court fails to rule on Coleman’s
motion within twenty-one days from the date of this opinion.

 

 

            

                                                                                    BY
THE COURT

 

Date
Submitted:          March 30, 2010

Date
Decided:             March 31, 2010

 

 

 











[1]A
copy of the motion to dismiss for want of prosecution filed in trial court
cause number CV34788 is attached as Appendix 1 to the petition for writ of
mandamus.  While this copy does not bear
the clerk’s file mark, the Clerk of the Hopkins County District Court for the
8th Judicial District has confirmed said motion was filed on December 2, 2008.





[2]Appendix
2 to Coleman’s petition is a notice of intent which advises the trial court of
the pending motion to dismiss for want of prosecution and intent to file a
petition for writ of mandamus to compel the trial court to act on said
motion.  The Clerk of the Hopkins County District
Court for the 8th Judicial District has confirmed said notice of intent was
filed on December 15, 2009.

 








le 38.37,
argued that the type of contact at issue did not fall within the purview of the
rule.  Error was preserved on this issue.

III.      Admission of Evidence Pursuant to Article
38.37 of the Texas Code of Criminal         Procedure

 

            The
admission of extraneous offense evidence is reviewed for an abuse of
discretion.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).  If the decision to admit evidence is within
the “zone of reasonable disagreement,” there is no abuse of discretion in the
admission of such evidence.  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). 
If the trial court’s decision on the admission of evidence is supported
by the record, there is no abuse of discretion, and the decision of the trial
court will not be reversed.  Osbourn v. State, 92 S.W.3d 531, 537
(Tex. Crim. App. 2002).

            Under Rule
404(b), evidence of other crimes, wrongs, or bad acts is inadmissible if it is
offered to prove the character of a person in order to show action in
conformity therewith, though it may be admissible for other purposes.  Tex.
R. Evid. 404(b).  But, when a
defendant is charged with sexual assault of a child, evidence of extraneous
acts is admissible under Article 38.37 of the Texas Code of Criminal Procedure
for its bearing on relevant matters.  Article
38.37, Section 2 of the Texas Code of Criminal Procedure provides:

Notwithstanding Rules 404 and 405, Texas Rules
of Evidence, evidence of other crimes, wrongs, or acts committed by the
defendant against the child who is the victim of the alleged offense shall be
admitted for its bearing on relevant matters, including:

 

(1)        the
state of mind of the defendant and the child; and

 

(2)        the
previous and subsequent relationship between the defendant and the child.

 

Tex. Code Crim. Proc.
Ann. art. 38.37, § 2.  

 

            Article
38.37 is an evidentiary rule limited to certain designated offenses.  The crime of aggravated sexual assault of a
child, which is found in Chapter 22 of the Texas Penal Code, is governed by
this article.[4]  See
Tex. Penal Code Ann. §
22.021.  In accordance with Article
38.37, the testimony regarding the incident in May 2009 was admissible if it
involved evidence of other crimes, wrongs, or acts committed by Bonilla against
the victim on “relevant matters.”  Tex. Code Crim. Proc. Ann. art. 38.37; see Conrad v. State, 10 S.W.3d 43, 46
(Tex. App.—Texarkana 1999, pet. ref’d).  

            “Relevant
evidence” is defined as “evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.”  Tex.
R. Evid. 401.  Article 38.37
provides that the state of mind of the defendant and the child, and the
previous and subsequent relationship between the defendant and the child are
“relevant matters.”  Tex. Code Crim. Proc. Ann. art. 38.37,
§ 2.  Moreover, evidence of other crimes,
wrongs, or acts by the defendant against the victim is admissible if it shows
the “necessary intent and ability” to commit the offense.  See
McCulloch v. State, 39 S.W.3d 678,
681 (Tex. App.—Beaumont 2001, pet. ref’d) (discussing Article 38.37 evidence to
show intent of defendant); Poole v. State,
974 S.W.2d 892, 898 (Tex. App.—Austin 1998, pet. ref’d) (evidence of prior
sexual offenses probative of intent and ability to commit offense); see also Ernst v. State, 971 S.W.2d 698, 700 (Tex. App.—Austin 1998, no
pet.) (noting authority that observes that wording of Article 38.37 is
“strongly tipped in favor of admissibility”). 


            Bonilla
contends the evidence of the May 2009 incident was not admissible because it
was not relevant to any material issue before the court, citing Phillips v. State, 193 S.W.3d 904, 911
(Tex. Crim. App. 2006) (noting that “Article 38.37 does allow for the admission
of other crimes, wrongs or acts to be admitted when relevant”).  Bonilla maintains that because the material
issue before the trial court as finder of fact was whether Bonilla
intentionally or knowingly committed the crime of aggravated sexual assault of
a child, this evidence, which Bonilla characterizes as a nonsexual theft offense,
is not relevant.  That is, it does not
make more or less probable Bonilla’s commission of the offense for which he was
on trial.

            The May 2009 incident was not offered
by the State as an extraneous act of theft. 
Rather, testimony regarding this incident was offered pursuant to
Article 38.37 to show “prior relationship, prior contact between the victim and
defendant.”  At the time of the May 2009
incident, the victim was twelve years old. 
The testimony at issue indicates that approximately nine months prior to
the alleged aggravated sexual assault of the victim in February 2010, Bonilla
grabbed the victim’s arm and told her that he loved her.  This evidence is relevant to Bonilla’s state
of mind and could be viewed as an unnatural attraction to the victim, a mere
child.  Evidence that Bonilla previously
attempted to restrain the victim just months before the instant crime is
further probative of Bonilla’s intent and ability to commit the offense with
which he was charged.  We cannot say the
trial court’s decision to admit this evidence is outside the zone of reasonable
disagreement, and thus find no error in the admission of the subject testimony
pursuant to Article 38.37 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
38.37.

IV.       Conclusion

 

            We affirm the judgment of the
trial court.

 

 

 

                                                                                                Jack
Carter

                                                                                                Justice

 

Date Submitted:          September
16, 2011

Date Decided:             September
19, 2011

 

Do Not Publish











[1]Tex. Penal Code Ann. § 22.021 (West
2011).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (West 2005).  We are unaware of
any conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]The
victim’s father also testified that Bonilla grabbed his daughter’s arm and took
her purse in May 2009.  Finally, in
relation to this same incident, Johnny Vargus, Jr., an officer with the Smith
County Sheriff’s Department, testified that he arrested Bonilla for public
intoxication after he received a call regarding a suspicious person.  





[4]Article
38.37 “applies to a proceeding in the prosecution of a defendant for an offense
under the following provisions of the Penal Code, if committed against a child
under 17 years of age:  . . . (2) Chapter
22 (Assaultive Offenses). . . .  Tex. Code Crim. Proc. Ann. art. 38.37,
§ 1(2).