Robert Wayne McCULLOCH,
Appellant,

v.

The STATE of Texas, Appellee.

No. 09–00–041 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 1, 2001.

Decided Feb. 28, 2001.

Scott Rothenberg, Bellaire, Robert A. Morrow, Spring, for appellant.

Michael A. McDougal, District Attorney, Peter C. Speers, III, Assistant District Attorney, Conroe, for state.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

Appellant Robert Wayne McCulloch challenges the admissibility under TEX. CODE CRIM. PROC. ANN. art. 38.37 of evidence of "other crimes, wrongs, or acts" committed by the defendant against the child victim. In addition to his evidentiary complaint, appellant also raises an *ex post facto* challenge to article 38.37, which was enacted after the charged offense. We hold there is no *ex post facto* violation and the evidence is admissible under article 38.37. We affirm the judgment of the trial court.

A jury convicted McCulloch of aggravated sexual assault of his step-daughter ("T.R."), and assessed his punishment at ten years confinement in the Texas Department of . Criminal Justice—Institutional Division. Upon the jury's recommendation, the trial judge suspended the imposition of the sentence and placed McCulloch on community supervision for ten years.

McCulloch's alleged sexual assault of his eight year old step-daughter occurred in August 1988. Some nine years later (November 1997), T.R. first reported the incident and accused her step-father of having committed the offense. The trial took place in January 2000. Between the time of the alleged offense and the time of trial, the Texas legislature enacted TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp. 2001), which provides, in pertinent part, as follows:

. . . .

Sec. 2 Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense [aggravated sexual assault under TEX. PEN. CODE ANN. § 22.021(a)(1)(B)(i),(2)(B) (Vernon Supp. 2001) ] shall be admitted for its bearing on relevant matters, including:

(1) the state of mind of the defendant and the child; and

(2) the previous and subsequent relationship between the defendant and the child.

. . . .

Sec. 4. This article does not limit the admissibility of evidence of extraneous crimes, wrongs, or acts under any other applicable law.

Art. 38.37 was passed in 1995, some seven (7) years after the August 1988 offense.

Pursuant to art. 38.37, the State offered evidence of other sexual assaults, allegedly committed by McCulloch against T.R., both before and after the charged offense. In issue one, McCulloch contends the evidence was inadmissible under article 38.37, because the State offered the "acts" for a legally impermissible purpose-in order to "prejudice and harden the jury against Robert McCulloch[.]" Claiming the evidence simply "inflame[d] and anger[ed] the jury," he argues it is not relevant to either the "state of mind of the defendant and the child" or their "previous and subsequent relationship." As we interpret McCulloch's brief, his analysis in issues one and two encompasses arguments under both Tex.R. Evid. 401 (relevancy) and Tex.R. Evid. 403 (more prejudicial than probative).

The State argues that McCulloch waived his claim that the other "acts" were not relevant, because his objection at trial did not specifically reference the State's offer under article 38.37. Although McCulloch's objection could have been more clearly directed to the offer under article 38.37, we decline to find waiver. We believe the trial court was sufficiently informed and aware that McCulloch claimed the evidence was not relevant and, even if relevant, should be excluded as unfairly prejudicial. See Tex .R.App.P. 33.1(a)(1)(A). At trial, McCulloch objected to the evidence as irrelevant *under Rule 404(b)* and asked for a Rule 403 ruling if the evidence was being offered *under Rule 404(b)*. The trial court heard the evidence outside the presence of the jury and admitted the evidence despite McCulloch's objections, including his Rule 403 assertion that the evidence was unfairly prejudicial. Given these circumstances, we do not find McCulloch waived his objections, though we agree the record would have been clearer on the preservation issue had McCulloch restated both his relevance and Rule 403 objections in response to the State's offer under article 38.37. We turn now to the merits of issues one and two.

### RELEVANCE

■ McCulloch allegedly began molesting T. R., when she was three or four years old, and the conduct continued until she was eight or nine. The sexual assaults occurred in the home where, according to T.R. and her mother, McCulloch was the one responsible for administering discipline to T.R. and her step-brothers. According to T. R., McCulloch would take her into her bedroom under the pretense of disciplining her, and while there, sexually assault her. At the conclusion of the act, McCulloch would then talk to her or spank her to make her cry so that her mother would think he was disciplining her. Over the course of time, the assaults increased in frequency from once a month to once a week. T.R. testified that to keep her from revealing his conduct, McCulloch told her that any disclosure would "hurt her [mother] and it would hurt [her] brothers, and it would . . . break the family up."

McCulloch argues the evidence of the other sexual assaults is not relevant under article 38.37. "Relevant evidence" is defined in Tex.R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Article 38.37 is a legislative determination that evidence of "other crimes, wrongs, or acts committed by the defendant against the child" is admissible on "relevant matters," notwithstanding Rule 404 or Rule 405. Two of those "relevant matters" are expressly set out in the statute: (1) evidence relating to the victim's and the defendant's state of mind; and, (2) the prior and subsequent relationship between them.

The testimony concerning the prior and subsequent "acts" is relevant to T.R.'s and McCulloch's state of mind. T.R.'s account of the "acts" reveals McCulloch's dominance over her and her fear of him. The evidence also shows McCulloch's "necessary intent and ability" to commit the offense and further demonstrates that T.R. was "compelled to acquiesce." *See Poole v. State*, 974 S.W.2d 892, 898 (Tex.App.—Austin 1998, pet. ref'd). The prior and subsequent "acts" reveal the nature of their relationship both before and after the charged offense. *See Ernst v. State*, 971 S.W.2d 698, 700–701 (Tex.App.—Austin 1998, no pet.). In the absence of evidence of how the step-father misused his position of authority as the disciplinarian in the family to create an unnatural relationship, the jury may have been led to believe it "illogical and implausible" that the charged act could have occurred. *Id.* (quoting *Johns v. State*, 155 Tex.Crim. 503, 236 S.W.2d 820, 823 (1951)). The evidence not only explained how the step-father was able to commit the assault without being apprehended for nine years, an issue in dispute at trial, but it also explained to the jury that the single charged offense simply did not occur in an otherwise healthy relationship. If the jurors were not told of the pattern of sexual assault, they may well have been persuaded that the absence of such evidence was proof that the one assault did not occur in this step-father and child relationship. Whether the jury believed the evidence we do not know; but we cannot say the evidence was irrelevant under article 38.37 to the charged offense.

### RULE 403

McCulloch also contends that the State's extraneous act evidence was prejudicial and inflamed the jury. While most evidence offered by an opposing party may be considered prejudicial, or it likely would not be offered, McCulloch, in effect, claims the evidence was *unfairly* prejudicial and the trial judge should have excluded it. The problem with evidence of other crimes for which defendant has not been charged or convicted is not that the evidence lacks probative value but rather that the evidence is so powerful that it may deny the defendant the opportunity to defend against the charged offense. *See Michelson v. United States*, 335 U.S. 469, 475–76, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Upon a proper objection, the trial court may exclude relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* Tex.R. Evid. 403. The Court of Criminal Appeals has held that "[r]ule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Williams v. State*, 958 S.W.2d 186, 196 (Tex.Cr.App.1997). The evidence here was both strongly probative and strongly prejudicial. We review its admission under an abuse of discretion standard. *See Reese v. State*, 33 S.W.3d 238, 241 (Tex.Crim.App.2000).

The Court of Criminal Appeals has listed several factors that a trial court should consider in conducting a Rule 403 balancing test: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *See Wyatt v. State*, 23 S.W.3d 18, 26 (Tex.Crim.App.2000). As to the first factor, the extraneous acts are probative of both elemental and evidentiary facts, including intent, motive, opportunity, plan, preparation, state of mind, and the relationship of the defendant and the child. McCulloch claimed at trial the charged offense never occurred. The inference was that T.R. simply made up her story some nine years after the alleged offense in order to help her mother, who was involved in an on-going custody dispute with McCulloch over T. R.'s step-brothers. Part of McCulloch's defensive theory was that his job required him to work such a large number of hours that he was not often home and, thus, had no time

or opportunity to commit the act. He also pointed to the small size of their house and implied that if he had committed such acts, it would have been impossible to conceal it from the others in the house. To prove the elements of its case and to counter McCulloch's defensive theories, the State offered evidence that, even though the house was small and even though he may have worked many hours away from the home, McCulloch nonetheless had the opportunity, intent, motivation, and plan to take T.R. in her bedroom, under the guise of disciplining her, and sexually assault her on numerous occasions.

The state of mind of the child and the defendant were relevant and probative in part, because of the belated accusation. Why would a victim suddenly remember one instance of sexual assault nine years earlier? Why would a step-father in charge of discipline for five years suddenly sexually assault his eight year old step-daughter? The evidence of other acts and of the totality of the relationship between the child and her step-father placed the offense in the context of the step-father's plan and pattern, and provided evidence of his intent, motivation, and ability to commit the one act with which he was charged. The evidence is relevant to the elemental and evidentiary facts detailed above. We conclude the probative value weighs heavily in favor of the State.

As to the second factor, we find the extraneous offense evidence has the potential to impress the jury in some irrational, yet indelible way. A jury could not help but be emotionally impacted by evidence that a step-father repeatedly sexually assaulted his step-daughter between the ages of three and eight under the pretense of taking her into a room to discipline her.

The third factor—the time needed to develop the evidence—also weighs in favor of McCulloch. The State spent time at trial developing the extraneous offense evidence.

The fourth factor—the State's need for the evidence—weighs in favor of the State.

There were no other witnesses who could testify to the charged offense. The State's expert witness indicated the offense (digital penetration) could have occurred, but, because of the intervening years, the difficulty of pinpointing at all when any penetration occurred, and the healing of any scar tissue, the doctor's testimony may not have been considered conclusive. McCulloch's expert witness testified, in effect, that the sexual assault offense could not have occurred absent extensive injury to the genital area; and he testified he found no evidence of this in the medical records. The expert and lay testimony was conflicting. The evidence showed McCulloch's intent, preparation, and plan in relation to the charged offense. The evidence also was probative of the child's state of mind and the abnormal relationship as explained above. The credibility of the witness making the charges was a factor for the jury's consideration. Whether the offense was believable depended in part on the context of the offense in the relationship between the defendant and the child.

We hold the trial judge did not abuse his discretion in concluding that the evidence of the other "acts" was relevant and that the danger of unfair prejudice did not substantially outweigh the probative value in this case. We overrule issue one.

In issue two, McCulloch, in effect, claims the error in admitting the evidence under article 38.37 was harmful. Having found no error in the admission of the evidence, we need not address McCulloch's contention of harm. Issue two is also overruled.

### Ex Post Facto Clause

■ In issue number three, McCulloch contends the application of art. 38.37 in this case is a violation of the *ex post facto* clause of article I, section 10, of the United States Constitution, which provides that "[n]o State shall ... pass any ... ex post facto Law...." To constitute an *ex post facto* law, a statute must (1) punish as a crime an act previously committed that

was innocent when done; (2) aggravate a crime and make it greater than it was when committed; (3) inflict a greater punishment than the law annexed to the crime when committed; or (4) alter the legal rules of evidence such that less or different evidence is needed in order to convict the offender. *See Carmell v. Texas,* 529 U.S. at 513, 522, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) (citing *Calder v. Bull,* 3 U.S. 386 (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)). The fourth description of an *expo facto* law is the one at issue here. McCulloch contends the application of article 38.37 violates the *ex post facto* clause, because, enacted after the charged offense was committed, the statute alters the legal rules of evidence and requires less, or different, testimony than the law required at the time of commission of the offense.

In support of his position, McCulloch relies on the recent case of *Carmell v. Texas.* There, the Supreme Court analyzed another Texas statute, TEX.CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. 2001), and concluded that a retrospective application of the statute violated the *ex post facto* clause. The 1993 version of article 38.07, the statute at issue in *Carmell,* provided as follows:

> A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense. . . .

Unlike the 1993 statute, the prior law [1] provided that a sexual assault victim under fourteen (14) could testify without support from corroborating evidence or outcry testimony. The 1993 version, however, put the age at "younger than 18." The application of the 1993 law to Carmell's case allowed his conviction to be supported by the victim's testimony alone, the victim being older than fourteen but younger than eighteen at the time of the offense. Under the law in effect at the time of the offense, Carmell could not have been convicted solely on that basis.

In its determination that the *ex post facto* clause applied in the case, *Carmell* relied upon the language in *Calder,* which described one of the four categories of *ex post facto* criminal laws as follows: "Every law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offense, *in order to convict the offender." Carmell,* 529 U.S. at 522, 120 S.Ct. 1620 (emphasis added in *Carmell)* (quoting *Calder,* 3 U.S. (3 Dall.) at 390, 1 L.Ed. 648). As *Carmell* explained, "A law reducing the quantum of evidence required to convict an offender is as grossly unfair as, say, retrospectively eliminating an element of the offense, increasing the punishment for an existing offense, or lowering the burden of proof. . . ." *Id.* at 532. Defining article 38.07 as a "sufficiency of the evidence rule," *Carmell* points out that the statute "does not merely 'regulate . . . the mode in which the facts constituting guilt may be placed before the jury'"; it also "governs the sufficiency of those facts for meeting the burden of proof." *Id.* at 545. Because the 1993 version of article 38 .07 required less evidence on which to convict, the Supreme Court concluded the statute, as applied to *Carmell,* violated the *ex post facto* clause.

We conclude article 38.37 is distinguishable from article 38.07 and, consequently, this case is distinguishable from *Carmell.* The statute at issue in *Carmell* defined the evidence by which a conviction was "supportable." Article 38.37 does not lower

---

1. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5311, 5317– 5319.

the quantum of evidence necessary to support a conviction for aggravated sexual assault. Indeed, the quantum of evidence remains the same both before and after the enactment of article 38.37. No element is eliminated from the offense to be proved; neither is the amount or measure of proof *necessary for conviction* reduced, altered, or lessened. The statute simply provides that a specific type of evidence will be admissible on certain relevant matters, notwithstanding Rules 404 and 405.[2]

*Carmell* notes that rules which lower the quantum of evidence necessary to convict always run in the State's favor, because such rules or laws make it easier to convict. Though it is correct to say that the admissibility of evidence under article 38.37 runs in the State's favor, the retrospective application of the statute cannot be said to violate the *ex post facto* clause on this basis alone. The statute does not lower the quantum of proof required for conviction. Before article 38.37, the child victim's testimony concerning prior "acts" committed by the defendant against the child was not admissible unless such evidence fell within an exception under Rule 404(b).[3] In removing the restrictions on

that testimony, the statute enlarges the scope of the child's admissible testimony, but leaves untouched the amount or degree of proof required for conviction. Article 38.37 pertains to what kind of evidence may be introduced at law; unlike article 38.07, the statute at issue in *Carmell*, article 38.37 is not a sufficiency of the evidence rule. Here, the question is the admissibility of the evidence, not whether the properly admitted evidence is sufficient to convict McCulloch. *See Carmell*, 529 U.S. at 546, 120 S.Ct. 1620. While the evidence is probative, the evidence is not required for conviction of the offense.

In short, article 38.37 eliminates the necessity of showing the evidence falls within one of the Rule 404(b) exceptions.[4] In that sense, it relaxes the strictures associated with Rule 404(b), but, in no way does it alter the quantum of proof required by law to support the conviction. As the court noted in *Thompson v. Missouri*, 171 U.S. 380, 388, 18 S.Ct. 922, 43 L.Ed. 204 (1898), we "cannot adjudge that the accused had any vested right in the rule of evidence which obtained prior to the passage of the [statute], nor that the rule established by

2. In *Thompson v. Missouri*, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898), the Supreme Court determined that the application of a Missouri statute that allowed witnesses to compare a disputed writing with other writings and allowed the admission of the writings into evidence did not violate the *ex post facto* clause even though such evidence was not admissible when the offense was committed. The Supreme Court held: "If persons excluded, upon grounds of public policy, at the time of the commission of an offence, from testifying as witnesses for or against the accused, amy [sic], in virtue of a statute, become competent to testify, we cannot perceive any ground upon which to hold a statute to be ex post facto which does nothing more than admit evidence of a particular kind in a criminal case upon an issue of fact which was not admissible under the rules of evidence as enforced by judicial decisions at the time the offence was committed." *Id.* at 387, 18 S.Ct. 922.

3. In two cases, the Texas Court of Criminal Appeals held that evidence of uncharged sexu-

al assaults by a defendant against a child were not admissible under Rule 404(b). *See Pavlacka v. State*, 892 S.W.2d 897, 901–02 (Tex.Crim.App.1994) (Defendant's denials of sexual assaults upon the child victim did not alone provide a proper purpose for introduction of child's testimony about other crimes; *since State suggested no theory of relevance other than character conformity*, the testimony would only have shown that defendant was acting in conformity with his character when he allegedly assaulted the victim.); *Vernon v. State*, 841 S.W.2d 407, 410–411 (Tex.Crim. App.1992) (It was error to admit evidence of extraneous sexual assaults under the *in loco parentis* theory when the complainant was not impeached, and *the State offered no other theory of admissibility under Rule 404(b)*.). Shortly after the *Pavlacka* decision, the Texas legislature enacted article 38.37 to govern the admissibility of such evidence, notwithstanding Rules 404 and 405.

4. We note that the State did not offer the evidence under any exception in Rule 404(b).

that statute entrenched upon any of the essential rights belonging to one put on trial for a public offence." We overrule issue three. The judgment is affirmed.

AFFIRMED.