

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00018-CR

_____

OSCAR BONILLA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-0900-10

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Oscar Bonilla appeals his conviction for aggravated sexual assault of a child,[1] for which he received a sentence of life imprisonment.[2] In his sole appellate point, Bonilla contends the trial court erred by permitting the State to introduce evidence of an extraneous theft offense that was irrelevant to any material issue before the court. We affirm the judgment of the trial court.

## I. Background

The State offered testimony that prior to the alleged offense of aggravated sexual assault of a child in February 2010, Bonilla previously had contact with the victim and grabbed her purse in May 2009. The thirteen-year-old victim testified that on that previous occasion, she was delivering Avon for her mother to Bonilla's home when Bonilla "grabbed my purse and my arm, and I had tried to pull away. And he said something about I love you, or something like that. And I had ran back home and told my parents."[3] While the victim was telling her parents what had transpired, Bonilla showed up at her house to return her purse. The victim's mother called the police, and Bonilla was arrested for public intoxication. Bonilla claims the evidence of the May 2009 incident was inadmissible under Article 38.37 of the Texas Code of Criminal Procedure.

---

[1]TEX. PENAL CODE ANN. § 22.021 (West 2011).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]The victim's father also testified that Bonilla grabbed his daughter's arm and took her purse in May 2009. Finally, in relation to this same incident, Johnny Vargus, Jr., an officer with the Smith County Sheriff's Department, testified that he arrested Bonilla for public intoxication after he received a call regarding a suspicious person.

*See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2010). The State claims Bonilla failed to preserve error, and even if error was preserved, the evidence was admissible.

## II. Preservation of Error

The State contends Bonilla's objections at trial do not comport with his complaints on appeal because Bonilla did not specifically object that evidence of "theft" was inadmissible under Article 38.37.

In order to properly preserve a complaint for appellate review, a party must have presented to the trial court a specific objection, request, or motion stating the specific grounds for the objection if it is not apparent from the context. TEX. R. APP. P. 33.1(a)(1). The contention on appeal must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) ("An objection stating one legal theory may not be used to support a different legal theory on appeal.").

Here, Bonilla objected that evidence of the events of May 2009 were irrelevant to the events of February 2010. This objection was overruled on each occasion it was made. However, the State did not espouse its theory of relevance until the final relevance objection was made. At that time, the trial court inquired as to the State's theory of relevance, to which the State responded,

> 38.37, Your Honor, prior relationship, prior contact between the victim and defendant, and the fact that he tried to get ahold of her, say he loved her . . . I believe that falls directly under 38.37. . . .

3

Counsel for Bonilla responded,

> Your Honor, I did get notice of 38.37, but what they've testified to so far doesn't come up to qualify for 38.37. . . . And even with prior contact, it wasn't sexual contact. She said that he grabbed her arm and she ran.

The trial court overruled Bonilla's objection.

The test for admitting this evidence depends on its "bearing on relevant matters." Bonilla made three relevance objections, and when presented with the State's theory of admissibility under Article 38.37, argued that the type of contact at issue did not fall within the purview of the rule. Error was preserved on this issue.

## III. Admission of Evidence Pursuant to Article 38.37 of the Texas Code of Criminal Procedure

The admission of extraneous offense evidence is reviewed for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). If the decision to admit evidence is within the "zone of reasonable disagreement," there is no abuse of discretion in the admission of such evidence. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the decision of the trial court will not be reversed. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002).

Under Rule 404(b), evidence of other crimes, wrongs, or bad acts is inadmissible if it is offered to prove the character of a person in order to show action in conformity therewith, though

it may be admissible for other purposes.  TEX. R. EVID. 404(b).  But, when a defendant is charged with sexual assault of a child, evidence of extraneous acts is admissible under Article 38.37 of the Texas Code of Criminal Procedure for its bearing on relevant matters.  Article 38.37, Section 2 of the Texas Code of Criminal Procedure provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1)    the state of mind of the defendant and the child; and
>
> (2)    the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2.

Article 38.37 is an evidentiary rule limited to certain designated offenses.  The crime of aggravated sexual assault of a child, which is found in Chapter 22 of the Texas Penal Code, is governed by this article.[4]  *See* TEX. PENAL CODE ANN. § 22.021.  In accordance with Article 38.37, the testimony regarding the incident in May 2009 was admissible if it involved evidence of other crimes, wrongs, or acts committed by Bonilla against the victim on "relevant matters." TEX. CODE CRIM. PROC. ANN. art. 38.37; *see Conrad v. State*, 10 S.W.3d 43, 46 (Tex. App.—Texarkana 1999, pet. ref'd).

---

[4]Article 38.37 "applies to a proceeding in the prosecution of a defendant for an offense under the following provisions of the Penal Code, if committed against a child under 17 years of age:  . . . (2) Chapter 22 (Assaultive Offenses). . . . TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(2).

"Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Article 38.37 provides that the state of mind of the defendant and the child, and the previous and subsequent relationship between the defendant and the child are "relevant matters." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2. Moreover, evidence of other crimes, wrongs, or acts by the defendant against the victim is admissible if it shows the "necessary intent and ability" to commit the offense. *See McCulloch v. State*, 39 S.W.3d 678, 681 (Tex. App.—Beaumont 2001, pet. ref'd) (discussing Article 38.37 evidence to show intent of defendant); *Poole v. State*, 974 S.W.2d 892, 898 (Tex. App.—Austin 1998, pet. ref'd) (evidence of prior sexual offenses probative of intent and ability to commit offense); *see also Ernst v. State*, 971 S.W.2d 698, 700 (Tex. App.—Austin 1998, no pet.) (noting authority that observes that wording of Article 38.37 is "strongly tipped in favor of admissibility").

Bonilla contends the evidence of the May 2009 incident was not admissible because it was not relevant to any material issue before the court, citing *Phillips v. State*, 193 S.W.3d 904, 911 (Tex. Crim. App. 2006) (noting that "Article 38.37 does allow for the admission of other crimes, wrongs or acts to be admitted when relevant"). Bonilla maintains that because the material issue before the trial court as finder of fact was whether Bonilla intentionally or knowingly committed the crime of aggravated sexual assault of a child, this evidence, which Bonilla characterizes as a nonsexual theft offense, is not relevant. That is, it does not make more or less probable Bonilla's

6

commission of the offense for which he was on trial.

The May 2009 incident was not offered by the State as an extraneous act of theft. Rather, testimony regarding this incident was offered pursuant to Article 38.37 to show "prior relationship, prior contact between the victim and defendant." At the time of the May 2009 incident, the victim was twelve years old. The testimony at issue indicates that approximately nine months prior to the alleged aggravated sexual assault of the victim in February 2010, Bonilla grabbed the victim's arm and told her that he loved her. This evidence is relevant to Bonilla's state of mind and could be viewed as an unnatural attraction to the victim, a mere child. Evidence that Bonilla previously attempted to restrain the victim just months before the instant crime is further probative of Bonilla's intent and ability to commit the offense with which he was charged. We cannot say the trial court's decision to admit this evidence is outside the zone of reasonable disagreement, and thus find no error in the admission of the subject testimony pursuant to Article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37.

## IV. Conclusion

We affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:     September 16, 2011
Date Decided:       September 19, 2011

7

Do Not Publish