In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00018-CR

                                                ______________________________

 

 

                                         OSCAR BONILLA,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-0900-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Oscar Bonilla appeals his
conviction for aggravated sexual assault of a child,[1]
for which he received a sentence of life imprisonment.[2]  In his sole appellate point, Bonilla contends
the trial court erred by permitting the State to introduce evidence of an
extraneous theft offense that was irrelevant to any material issue before the court.  We affirm the judgment of the trial
court.  

I.          Background

 

            The State offered testimony that
prior to the alleged offense of aggravated sexual assault of a child in
February 2010, Bonilla previously had contact with the victim and grabbed her
purse in May 2009.  The thirteen-year-old
victim testified that on that previous occasion, she was delivering Avon for
her mother to Bonilla’s home when Bonilla “grabbed my purse and my arm, and I
had tried to pull away.  And he said
something about I love you, or something like that.  And I had ran back home and told my parents.”[3]
While the victim was telling her parents what had transpired, Bonilla showed up
at her house to return her purse.  The
victim’s mother called the police, and Bonilla was arrested for public
intoxication.  Bonilla claims the
evidence of the May 2009 incident was inadmissible under Article 38.37 of the
Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 38.37 (West Supp. 2010).  The State claims Bonilla failed to preserve
error, and even if error was preserved, the evidence was admissible.

II.        Preservation of Error

 

            The State contends Bonilla’s
objections at trial do not comport with his complaints on appeal because
Bonilla did not specifically object that evidence of “theft” was inadmissible
under Article 38.37.  

            In order to
properly preserve a complaint for appellate review, a party must have presented
to the trial court a specific objection, request, or motion stating the
specific grounds for the objection if it is not apparent from the context.  Tex.
R. App. P. 33.1(a)(1).  The
contention on appeal must comport with the specific objection made at
trial.  Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Rothstein v. State, 267 S.W.3d 366, 373
(Tex. App.—Houston [14th Dist.] 2008, pet. ref’d) (“An objection stating one
legal theory may not be used to support a different legal theory on
appeal.”).  

             Here, Bonilla objected that evidence of the
events of May 2009 were irrelevant to the events of February 2010.  This objection was overruled on each occasion
it was made.  However, the State did not
espouse its theory of relevance until the final relevance objection was
made.  At that time, the trial court
inquired as to the State’s theory of relevance, to which the State responded,

38.37, Your Honor, prior relationship, prior
contact between the victim and defendant, and the fact that he tried to get
ahold of her, say he loved her . . . I believe that falls directly under 38.37.
. . .

 

 

 

Counsel for Bonilla responded,

 

Your Honor, I did get notice of 38.37, but what
they’ve testified to so far doesn’t come up to qualify for 38.37. . . . And
even with prior contact, it wasn’t sexual contact.  She said that he grabbed her arm and she ran.   

 

The trial court overruled Bonilla’s objection.  

 

            The test for
admitting this evidence depends on its “bearing on relevant matters.”  Bonilla made three relevance objections, and
when presented with the State’s theory of admissibility under Article 38.37,
argued that the type of contact at issue did not fall within the purview of the
rule.  Error was preserved on this issue.

III.      Admission of Evidence Pursuant to Article
38.37 of the Texas Code of Criminal         Procedure

 

            The
admission of extraneous offense evidence is reviewed for an abuse of
discretion.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).  If the decision to admit evidence is within
the “zone of reasonable disagreement,” there is no abuse of discretion in the
admission of such evidence.  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). 
If the trial court’s decision on the admission of evidence is supported
by the record, there is no abuse of discretion, and the decision of the trial
court will not be reversed.  Osbourn v. State, 92 S.W.3d 531, 537
(Tex. Crim. App. 2002).

            Under Rule
404(b), evidence of other crimes, wrongs, or bad acts is inadmissible if it is
offered to prove the character of a person in order to show action in
conformity therewith, though it may be admissible for other purposes.  Tex.
R. Evid. 404(b).  But, when a
defendant is charged with sexual assault of a child, evidence of extraneous
acts is admissible under Article 38.37 of the Texas Code of Criminal Procedure
for its bearing on relevant matters.  Article
38.37, Section 2 of the Texas Code of Criminal Procedure provides:

Notwithstanding Rules 404 and 405, Texas Rules
of Evidence, evidence of other crimes, wrongs, or acts committed by the
defendant against the child who is the victim of the alleged offense shall be
admitted for its bearing on relevant matters, including:

 

(1)        the
state of mind of the defendant and the child; and

 

(2)        the
previous and subsequent relationship between the defendant and the child.

 

Tex. Code Crim. Proc.
Ann. art. 38.37, § 2.  

 

            Article
38.37 is an evidentiary rule limited to certain designated offenses.  The crime of aggravated sexual assault of a
child, which is found in Chapter 22 of the Texas Penal Code, is governed by
this article.[4]  See
Tex. Penal Code Ann. §
22.021.  In accordance with Article
38.37, the testimony regarding the incident in May 2009 was admissible if it
involved evidence of other crimes, wrongs, or acts committed by Bonilla against
the victim on “relevant matters.”  Tex. Code Crim. Proc. Ann. art. 38.37; see Conrad v. State, 10 S.W.3d 43, 46
(Tex. App.—Texarkana 1999, pet. ref’d).  

            “Relevant
evidence” is defined as “evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.”  Tex.
R. Evid. 401.  Article 38.37
provides that the state of mind of the defendant and the child, and the
previous and subsequent relationship between the defendant and the child are
“relevant matters.”  Tex. Code Crim. Proc. Ann. art. 38.37,
§ 2.  Moreover, evidence of other crimes,
wrongs, or acts by the defendant against the victim is admissible if it shows
the “necessary intent and ability” to commit the offense.  See
McCulloch v. State, 39 S.W.3d 678,
681 (Tex. App.—Beaumont 2001, pet. ref’d) (discussing Article 38.37 evidence to
show intent of defendant); Poole v. State,
974 S.W.2d 892, 898 (Tex. App.—Austin 1998, pet. ref’d) (evidence of prior
sexual offenses probative of intent and ability to commit offense); see also Ernst v. State, 971 S.W.2d 698, 700 (Tex. App.—Austin 1998, no
pet.) (noting authority that observes that wording of Article 38.37 is
“strongly tipped in favor of admissibility”). 


            Bonilla
contends the evidence of the May 2009 incident was not admissible because it
was not relevant to any material issue before the court, citing Phillips v. State, 193 S.W.3d 904, 911
(Tex. Crim. App. 2006) (noting that “Article 38.37 does allow for the admission
of other crimes, wrongs or acts to be admitted when relevant”).  Bonilla maintains that because the material
issue before the trial court as finder of fact was whether Bonilla
intentionally or knowingly committed the crime of aggravated sexual assault of
a child, this evidence, which Bonilla characterizes as a nonsexual theft offense,
is not relevant.  That is, it does not
make more or less probable Bonilla’s commission of the offense for which he was
on trial.

            The May 2009 incident was not offered
by the State as an extraneous act of theft. 
Rather, testimony regarding this incident was offered pursuant to
Article 38.37 to show “prior relationship, prior contact between the victim and
defendant.”  At the time of the May 2009
incident, the victim was twelve years old. 
The testimony at issue indicates that approximately nine months prior to
the alleged aggravated sexual assault of the victim in February 2010, Bonilla
grabbed the victim’s arm and told her that he loved her.  This evidence is relevant to Bonilla’s state
of mind and could be viewed as an unnatural attraction to the victim, a mere
child.  Evidence that Bonilla previously
attempted to restrain the victim just months before the instant crime is
further probative of Bonilla’s intent and ability to commit the offense with
which he was charged.  We cannot say the
trial court’s decision to admit this evidence is outside the zone of reasonable
disagreement, and thus find no error in the admission of the subject testimony
pursuant to Article 38.37 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
38.37.

IV.       Conclusion

 

            We affirm the judgment of the
trial court.

 

 

 

                                                                                                Jack
Carter

                                                                                                Justice

 

Date Submitted:          September
16, 2011

Date Decided:             September
19, 2011

 

Do Not Publish











[1]Tex. Penal Code Ann. § 22.021 (West
2011).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (West 2005).  We are unaware of
any conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]The
victim’s father also testified that Bonilla grabbed his daughter’s arm and took
her purse in May 2009.  Finally, in
relation to this same incident, Johnny Vargus, Jr., an officer with the Smith
County Sheriff’s Department, testified that he arrested Bonilla for public
intoxication after he received a call regarding a suspicious person.  





[4]Article
38.37 “applies to a proceeding in the prosecution of a defendant for an offense
under the following provisions of the Penal Code, if committed against a child
under 17 years of age:  . . . (2) Chapter
22 (Assaultive Offenses). . . .  Tex. Code Crim. Proc. Ann. art. 38.37,
§ 1(2).