

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00350-CR

**ROBERT WAYNE CHAPMAN, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F47799

## MEMORANDUM OPINION

Raising three issues, Appellant Robert Wayne Chapman, Jr. appeals his convictions on four counts of aggravated sexual assault of a child and four consecutive life sentences. We will affirm.

On November 26, 2012, Melissa, Chapman's adult half-sister, called 9-1-1 and reported that Chapman was drunk and was asking her for sexual favors. He had grabbed her breasts and requested oral sex, and while she was on the call, he came into her bedroom, dropped his pants, and yelled at her to perform oral sex. In the call, Melissa

further reported that Chapman had been sexually assaulting her since she was a child and that he had also sexually assaulted his niece Christa and Melissa's step-daughter Heather when they were young. Law enforcement came and arrested Chapman for making a terroristic threat and resisting arrest.

Two weeks later, Melissa and Christa, who was age 21 at that time, went to the Johnson County Sheriff's Office, and Christa gave a statement. Chapman was indicted for three counts of aggravated sexual assault of a child involving Christa and one count of aggravated sexual assault of a child involving Heather. The sexual assault of Heather occurred around Thanksgiving in 2003 or 2004, when Heather was age 12 or 13, and Chapman came into the room where Heather was sleeping and digitally penetrated her sexual organ. The sexual assaults of Christa occurred in 2005, when Christa was age 13, and Chapman sexually assaulted her in several different ways about once a week over several months.

## Extraneous-Offense Evidence

In issue one, Chapman asserts that the trial court erroneously admitted evidence of four extraneous offenses during guilt-innocence. We review a trial court's ruling on the admissibility of extraneous offenses for an abuse of discretion. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). As long as the trial court's ruling is not outside the "zone of reasonable disagreement," there is no abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *see also Newton v. State,* 301 S.W.3d 315, 317 (Tex. App.—Waco 2009, pet. ref'd) (citing *De La Paz v. State,* 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009)).

Before trial began, the trial court held an article 38.37 hearing outside the presence of the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a(2) (West Supp. 2015). In cases involving certain types of sexual-abuse offenses where the victim is under 17 years of age, article 38.37 allows, notwithstanding Rules of Evidence 404 and 405, evidence of other crimes, wrongs, or acts committed by the defendant against a child-victim to be admitted for its bearing on relevant matters, including the state of mind of the defendant. *Id.* art. 38.37, § 1. The extraneous offense, wrong, or act must involve, *inter alia*, Indecency with a Child, Sexual Assault of a Child, or Aggravated Sexual Assault of a Child. *Id.* Also, the State must give the defendant notice of its intent to introduce the evidence in its case-in-chief not later than the 30th day before the date of trial, and the trial court must conduct a hearing outside the presence of the jury to determine whether the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the extraneous crime, wrong, or act beyond a reasonable doubt. *Id.* art. 38.37, § 2-a.

In 2013, article 38.37 was amended to provide that, notwithstanding Rules 404 and 405, "evidence that the defendant committed one of the enumerated separate offenses (such as indecency with a child-contact or exposure, sexual assault of a child, or aggravated sexual assault of a child) may be admitted … for any bearing [it] has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *Id.* art. 38.37, § 2(b). This amendment applies to *proceedings* that commence on or after the effective date of the amendment,

which was September 1, 2013.  Act of May 17, 2013, 83rd Leg. R.S., ch. 387, §§ 2-3, 2013 Tex. Gen. Laws 1167, 1168.

Chapman initially complains that application of article 38.37, as amended in 2013, to offenses that occurred years before 2013 would violate the constitutional prohibition against *ex post facto* laws.  *See* U.S. CONST. art. I, § 10 cl. 1.  This complaint was not raised in the trial court, but "the 'right to be free from *ex post facto* laws or the *ex post facto* application of a law' is a *Marin* category-one absolute right" that cannot be forfeited. *Ex parte Heilman,* 456 S.W.3d 159, 162-63 (Tex. Crim. App. 2015) (quoting *Phillips v. State,* 362 S.W.3d 606, 611-12 (Tex. Crim. App. 2011), *overruled on other grounds by Heilman,* 456 S.W.3d at 163)); *Ieppert v. State,* 908 S.W.2d 217, 220 (Tex. Crim. App. 1995); *Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262 (Tex. Crim. App. 1997).

An *ex post facto* law includes a law that "alters the legal rules of evidence and requires less or different testimony than the law required at the time of the commission of the offense to convict the accused."  *Dominguez v. State,* 467 S.W.3d 521, 526 (Tex. App.—San Antonio 2015, pet. ref'd).  In *Dominguez*, the court examined an *ex post facto* challenge to article 38.37, § 2(b) and held that the amended statute "neither changes the State's burden of proof to support a conviction for sexual assault of child nor lessens the amount of evidence required to sustain a conviction."  *Id.* at 526 (citing *McCulloch v. State,* 39 S.W.3d 678, 684 (Tex. App.—Beaumont 2001, pet. ref'd)).  It thus was not an *ex post facto* violation.  *Id.*  We agree with the analysis in *Dominguez* and therefore overrule Chapman's *ex post facto* challenge to article 38.37, § 2(b).

At the article 38.37 hearing, the State called Christa and Melissa. Christa testified that, while sitting at the kitchen table next to her younger sister J. (who was age nine or ten at the time), she saw Chapman place his hand on J.'s leg and start moving it closer to her sister's vagina. Over defense counsel's objection, the trial court ruled that the evidence was admissible under article 38.37. Melissa then testified that, before she turned 17—when she was age five or six—Chapman groped her breast and that he also, at times, touched her vaginal area. Melissa also testified that Chapman's groping of her breasts continued after she became an adult. Again over defense counsel's objections, the trial court ruled that the evidence was admissible under article 38.37. Melissa then testified about the 9-1-1 call that she had made on November 26, 2012. The trial court ruled that this evidence was also admissible under article 38.37.

Regarding the four extraneous acts that Chapman complains about in issue one, we will also address the State's contention that Chapman did not preserve most of his complaints for appellate review. The first extraneous act concerns Christa's testimony that she saw Chapman place his hand on her younger sister J.'s leg and start moving it close to her sister's vagina. Chapman argues on appeal that the evidence is inadequate to support a jury finding that he committed that separate offense beyond a reasonable doubt and that the evidence should have been excluded under Rules 404(b) and 403. At the article 38.37 hearing, however, defense counsel's only objections were the sufficiency ground and a Confrontation Clause objection. The complaint on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana

2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection "does not comport with" the issue he raised on appeal); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (same). Because the Rule 404(b) and 403 complaints do not comport with the objections at trial, they are not preserved for appellate review.

As for Chapman's sufficiency argument about the touching of J.'s leg, to prove Attempted Indecency with Child-Contact, the evidence must show beyond a reasonable doubt that Chapman had the specific intent to arouse or gratify his sexual desire by touching through clothing the genitals of J., who was younger than age 17 at the time and not Chapman's spouse, and that he did an act amounting to more than mere preparation that tended, but failed, to effect the commission of the offense intended. *See* TEX. PENAL CODE ANN. §§ 15.01(a), 21.11(a)(1), 21.11(b-1), 21.11(c)(1) (West 2011).

Melissa testified that she thought that Chapman's touching of J.'s leg was not sexual; they were playing a game at a table and J. was not paying attention when Chapman touched her. But Christa testified, more specifically, that when J. was age nine or ten, there was an incident at the dining-room table where Christa, after being kicked and hit by J., observed Chapman's hand on J.'s thigh, moving up toward her vagina. Christa further testified that Chapman removed his hand only after she screamed at him to stop. The State asserts that J.'s effort to get the attention of her sister (by hitting and kicking her) indicates that J., like Christa, believed that Chapman was attempting to

commit a sexual assault. Melissa admitted that Christa "freaked out and yelled" at Chapman.

Based on the above, we conclude that the trial court did not abuse its discretion in the article 38.37 hearing by ruling that the evidence likely to be admitted at trial would be adequate to support a jury finding that Chapman attempted to commit the offense of Indecency with Child-Contact beyond a reasonable doubt. This ruling is not outside the "zone of reasonable disagreement."

Chapman's complaints on appeal about the second extraneous act—Chapman's touching of Melissa when they were both pre-teen minors living in Indiana—are (1) that Chapman was a child himself at the time and article 38.37 does not apply to offenses by juveniles; (2) that the alleged offenses occurred outside of Texas and may not have been a crime in Indiana; (3) that the evidence is inadequate to support a jury finding that he committed the separate offenses beyond a reasonable doubt; and (4) that the evidence should have been excluded under Rules 404(b) and 403. Chapman's objections at the article 38.37 hearing were that the evidence is insufficient and that the State's notice was inadequate because it lacked sufficient detail and did not include that it happened in Indiana. Before Melissa testified at trial, the trial court gave Chapman a running Rule 403 objection. Accordingly, the only complaints preserved for appellate review are the sufficiency complaint and the Rule 403 objection.

Melissa testified that when they were young, Chapman touched her on her breasts and genital area when she was under age 17, starting when she was around age 5. These acts were mentioned in her 9-1-1 call, which also was admitted into evidence and played

for the jury. Melissa admitted that she had made previous contradictory statements that Chapman had never sexually touched her, but she explained that those statements were not true and that she made them because she did not want Chapman to get in trouble. We conclude that the trial court did not abuse its discretion in the article 38.37 hearing by ruling that the evidence likely to be admitted at trial would be adequate to support a jury finding that Chapman committed the offense of Indecency with Child-Contact beyond a reasonable doubt; this ruling is not outside the "zone of reasonable disagreement." We will address below the Rule 403 objection in conjunction with the Rule 403 objection to the third instance.

The third instance of extraneous acts that Chapman complains about is Melissa's testimony that Chapman groped her and tried to kiss her many times in their adult years. At the article 38.37 hearing, Chapman's only objection was that the evidence is inadequate to support a jury finding that he committed the separate offenses beyond a reasonable doubt. As noted above, the trial court gave Chapman a running Rule 403 objection to Melissa's testimony. On appeal, Chapman asserts that article 38.37 does not apply to offenses committed against adults, and he again asserts that the evidence should have been excluded under Rules 404(b) and 403. Accordingly, the only complaint preserved for appellate review is the Rule 403 objection, which we will next address along with the Rule 403 objection to the second instance.

Chapman argues that the trial court erred in finding that the probative value of the second and third instances—Chapman's sexual touching and groping of Melissa

when she was both a young child and an adult—was not substantially outweighed by

the danger of unfair prejudice.  *See* TEX. R. EVID. 403.

> In its seminal decision in *Montgomery v. State*, the Court of Criminal Appeals identified four non-exclusive factors to be considered in determining whether evidence should be excluded under Rule 403.  Those factors were: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and, (4) the proponent's need for the evidence.
>
> More recently, the Court has looked to the language of Rule 403 and restated the pertinent factors.
>
> > [A] trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.  Of course, these factors may well blend together in practice.
>
> *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006) (footnotes omitted).

*Newton*, 301 S.W.3d at 319 (footnote and citations omitted).

Rule 403 "envisions exclusion of evidence only when there is a 'clear disparity

between the degree of prejudice of the offered evidence and its probative value.'"  *Id.* at

322-23 (quoting *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009)).  We review

the trial court's determination under Rule 403 for an abuse of discretion.  *Mozon v. State*,

991 S.W.2d 841, 847 (Tex. Crim. App. 1999).  As long as the trial court's ruling is within

the "zone of reasonable disagreement," there is no abuse of discretion. *See Newton,* 301 S.W.3d at 317 (citing *De La Paz,* 279 S.W.3d at 343-44).

Chapman was charged with sexually assaulting two relatives when they lived in the residence where he also lived. There was evidence that he had been raised in a sexually dysfunctional family environment and, despite Melissa's protests to their mother (who had been sexually molested by her older brother), Chapman was essentially allowed to sexually abuse Melissa from the time that she was a child until she was in her thirties. Their mother did nothing to stop Chapman's behavior. Thus, the State argues, Chapman never learned the wrongfulness of his perversion toward family members, and his conduct toward Melissa was relevant to an elemental fact—Chapman's state of mind. Although the evidence did have a tendency to impress the jury in an indelible way and required some time to develop, this was greatly offset by the State's need for the evidence. There were no eyewitnesses to the charged offenses other than the victims, and therefore the complained-of evidence corroborated their allegations.

Considering the above factors, we cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by Melissa's testimony and its probative value. Thus, the trial court did not abuse its discretion by overruling Chapman's Rule 403 objections.

The fourth instance of extraneous offenses at issue are the several extraneous acts mentioned by Melissa in her 9-1-1 call, the recording of which was admitted, and the circumstances surrounding the 9-1-1 call. After defense counsel gave his opening statement, the State asserted that Chapman had opened the door to the admission of the

9-1-1 call and the circumstances surrounding it. The trial court agreed, and when the recording was offered, Chapman made a Rule 403 objection. The State again asserted that the door had been opened by the defense opening statement, and the trial court again agreed.

Defense counsel's opening statement began with the assertion that Chapman and Melissa were having a "family feud." Counsel then began a detailed description of the events that occurred on the day of Melissa's 9-1-1 call and then included specific details from Melissa's call.

> You're going to hear that on that day, November 26th, 2012, that while she's on the phone telling the authorities, You need to come arrest my brother, he's drunk, he's obnoxious, that while she's on that phone she says, by the way, he's a pedophile. He's a pedophile. You need to investigate him.

> So they make -- they remove him from the house and that's what starts this whole procedure with regards to the sexual assault. Keep in mind we are dealing with allegations from 2002 and 2005. And based on his sister's phone call with him being intoxicated and wanting him out of the house, that got the ball rolling. That's what starts this whole case. It's all due to that phone call that Melissa … makes.

We conclude that the trial court did not abuse its discretion in finding that defense counsel opened the door to the 9-1-1 call and its circumstances.

For all of the above reasons, we overrule Chapman's first issue.

**Hearsay**

In his second issue, Chapman contends that the trial court abused its discretion in admitting Brittany Carroll's testimony in guilt/innocence about nondescriptive allegations of sexual abuse by Chapman against Christa, who had already testified that,

when she was in the eighth grade, she had confided to Brittany that Chapman had sexually abused her but only gave Brittany "bits and pieces" of the details. Brittany testified that she had met Christa in the eighth grade, that they became best friends, and (over defense counsel's hearsay objection) that Christa had made an "outcry" of sexual abuse to her during that school year.

Chapman argues on appeal that it was error to admit Brittany's testimony because (1) she was not listed as an outcry witness in the article 38.072 notice, (2) her testimony constituted improper bolstering, and (3) the testimony was impermissible hearsay. Because the only objection made at trial was to hearsay, the other two complaints were not preserved for appellate review. The State further contends that Brittany gave further testimony about Christa's outcry and Chapman did not continue to object or get a running objection. "The admission of inadmissible evidence can be rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial." *Willis v. State,* 785 S.W.2d 378, 383 (Tex. Crim. App. 1989), *overruled on other grounds by Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) ("error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection"); *Etheridge v. State,* 903 S.W.2d 1, 14 (Tex. Crim. App. 1994).

> Q. Now, when she made her outcry of sexual abuse to you, did she give you any details?
>
> A. No, not really. She was really scared.
>
> Q. So even back then she appeared scared to talk about it?

A. Yes.

Q. And you tried to get her to tell you more details, right?

A. Yes, sir.

Q. And she just wouldn't -- couldn't do it?

A. Yeah. She said she couldn't do it, that it was so bad.

Because the same or similar allegedly hearsay testimony was admitted elsewhere, without objection, any error in admitting Brittany's initial testimony about the outcry would be harmless. Accordingly, we overrule issue two.

**Excessive and Disproportionate Sentences**

In issue three, Chapman asserts that his four consecutive life sentences are excessive and disproportionate and thus constitute cruel and unusual punishment under the U.S. and Texas constitutions. At trial, Chapman's only objection at sentencing was to the trial court's cumulation order, and he requested that the sentences run concurrently. A defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd); *Gertz v. State*, No. 10-11-00008-CR, 2012 WL 3799146, at *2 (Tex. App.—Waco Aug. 30, 2012, no pet.) (mem. op., not designated for publication) (citing *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)). Because Chapman did not raise in the trial court his complaint that his four life sentences were excessive and disproportionate and thus unconstitutional cruel and

unusual punishment, issue three is not preserved and is thus overruled. TEX. R. APP. P. 33.1.

Having overruled all three issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2016
Do not publish
[CRPM]

