# 1669·14

PDR #_____

ORIGINAL

## APPEAL FROM THE 128TH JUDICIAL DISTRICT COURT
## TRIAL COURT CAUSE NUMBER 080508R
## OF ORANGE COUNTY, TEXAS
### Hon. Courtney Arkeen, Judge Presiding

## TRANSFERRED FROM THE 9TH COURT OF APPEALS TO 14TH Case # **14-13-00650-CR**

## MOTION FOR PETITION FOR DISCRETIONARY REVIEW

## PRO- SE MOTION BY ERIC WILLIAMS
P.O. Box 776
Orange, Texas 77631-776
(409) 728-3131
(337) 936-0773—Alternate
E-mail: ericwill86.ew@gmail.com
February 19, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

1

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**: ERIC JARROD WILLIAMS

**Trial Counsel**: Joe Alford
105 S. Market Street
Orange, TX 77630
State Bar No. 1012500

**Appellate COUNSEL**: N/A

**PRO-SE MOTIONS:** Eric Jarrod Williams

**Appellee**: State of Texas
Counsel: Phillip C. Smith, Jr.
(Trial and Appeal) Orange County Assistant District
Attorney
801 W Division Ave.
Orange, TX 77630
State Bar No. 797460

IN THE

COURT OF CRIMINAL APPEALS

SUPREME JUDICIAL DISTRICT PDR #_____

ERIC JARROD WILLIAMS

**Appellant**

**V.**

THE STATE OF TEXAS

**Appellee**

## TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS:

Now comes **Eric Jarrod Williams**, appellant in the above-captioned cause, by and through, and submits this motion for Petition For Discretionary Review

### Background

On May 15, 2013, Appellant was convicted by a Jury Panel of the offense

**Indecency With A Child By Exposure** 21.11(a) (2) (A) Of the Texas Penal Code and

given a sentence of Ten years confinement in TDCJ and a $5,000 fine by the Bench

on June 14, 2013. The Bench ordered that the sentence be probated for a period of

ten years with 180 days to be served as upfront time In the County Jail as a

condition of probation and a $5000 fine.

On September 23, 2014, the Honorable14th Court of Appeals denied relief for Appellant, and affirmed the judgment of the trial court. The Motion for Petition for Discretionary Review is due on February 20, 2015.

The sole issue on appeal was whether the trial court erred in denying the appellant a hearing on his motion for new trial. The opinion predicates its holding on two grounds:

In two issues, appellant argues that (1) the trial court erred in admitting evidence of extraneous offenses allegedly committed by appellant; and (2) the evidence presented at trial was legally and factually insufficient to establish that appellant committed the specific offense.

Appellant believes the record demonstrates otherwise and prays to the court that this case is accepted and reviewed by the Court of Criminal Appeals.

### Presentment of the Motion

The supplemental record filed by the trial court in this case contains case events submitted to the court of appeals of events were alleged to have taken place in violation of Rule 404(b) of the Texas Rules of Evidence. Appellant contends in his first issue that the trial court violated Texas Rule of Evidence 404(b) by admitting evidence of extraneous offenses allegedly committed by appellant during the guilt-innocence phase of his trial. The extraneous offenses at issue were incidents in which appellant allegedly watched pornographic movies and exposed his genitals in front of ███ ██ and an incident in which appellant allegedly watched a pornographic movie and masturbated with Desmond Burnette. Appellant asserts that, because the incident upon which the

4

State elected to base the indictment was a specific event. In fact the event in the indictment was not the event chosen to be the event used in the guilt phase to the jury panel. This event contained a specific event sworn by Detective Jefferson- Simon but not by Detective Davis, who was the initial Detective in the case. Evidence of extraneous offenses committed by appellant against ███ ██ and an extraneous offense committed by appellant against Desmond Burnette and Chris Janice was inadmissible.

After hearing ██████ testimony and arguments the issue, the trial court issued a letter ruling that the extraneous offenses would be admissible with a limiting instruction in the Court's charge. (C.R. 21). The following day, the court further explained that it was allowing the evidence for purposes of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. (4 R.R. 12). Appellant's counsel then specifically asserted objections to each of these grounds individually. (4 R.R. 13-15).Appellant's objections were noted and overruled. (4 R.R. 17). In this Case Appellant states the trial court violated Rule 404(b) of the Texas Rules of Evidence due to there was no mistaken identity in this case. This case, Appellant would urge that the State failed to establish that the various extraneous offenses alleged in this case were admissible under any of the exceptions enumerated in Rule 404(b). For example, the case relied upon by the State at the pretrial hearing to show admissibility of the evidence for purposes of" identity," *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008), is distinguishable because "identity" was not a true issue in this case. This case did not involve a situation where in a crime was committed and there was a genuine

5

question of what person committed the crime. Rather, Appellant's defense was simply that the events alleged never occurred at all.

Thus, extraneous allegations do not show a *modus operandi* that links a particular perpetrator to a known crime; to the contrary, they were used in this case simply to bolster the idea for the jury that there were so many allegations against Appellant that he must be guilty of them all. *See Segundo*, 270 S.W. 3d at 87-88. The other case relied upon by the State initiatives argument is also distinguishable.

In *Schexnider v. State*, 943 S.W.2d 194 (Tex. App.—Beaumont 1997, no pet.), the court held that in the Defendant's capital murder trial, evidence of the dismemberment of the corpse was admissible as an extraneous offense because it was interwoven with the indicted offense to the extent that it was part of the same contextual transaction

The State/ Appellant Courts argues that the trial court did not abuse its discretion because the identity of appellant was at issue. We disagree that identity was at issue. The dispute at trial focused not on the identity of the person who exposed himself to ███ but on whether ███ was credible and whether the incident occurred. However in any case where there is a question of actual evidence then reliability becomes the over weighing factor beyond a reasonable doubt. ███ did state he had an extensive criminal history along with State's other witness Desmond Burnette. (**For Further See C.R. v4 of 7 page 58 Line** ███ ███ **and pg 181 Line 22 Desmond Burnette.**)

6

**Extraneous Offense against Desmond Burnette,** the states alleges that Desmond Burnette testified/agreed to masturbating for money, which nowhere in his testimony does he state this or his written statement. The testimony includes this:

> *THE STATE: OKAY. NOW, WHAT HAPPENED WHEN YOU GOT TO HIS GRAND MOTHER'S HOUSE IN CLAIRMONT?*
>
> *DESMOND BURNETTE: WHEN HE GOT THERE, HE HAD HE HAD HE HAD GOT A TOWEL OUT AND STUFF AND A – AND A LAPTOP, HIS LAPTOP. THEN WHEN THEY HAD PUT ON SOME PORNO AND THEY START—THEY START PLAYING WITH THEMSELVES (SIC) AND I HAD WALKED OUT BECAUSE I DON'T – I TOLD THEM, "I DON'T DO THAT STUFF."*

The actual "incident" upon which the Indictment is based and conviction sought was a single specific event alleged to have taken place in the bedroom of Appellant, in the presence of, Chris Janice. (C.R. 47 at ¶ 5; 5 R.R. 49). Nonetheless, the State offered testimonial evidence of various other alleged events that purportedly took place in different locations, under different circumstances, and involving different people. For example, Victim testified about a pornography viewing and group masturbation event that allegedly occurred in a parking lot across the street from ███ aunt's house (3 R.R. 9-11); an event that occurred at Appellant's home while ███ was skipping school, with

7

no other participants (4R.R. 78-79); and occurrences on two or three occasions in Vinton, Louisiana. (3R.R. 16; 4 R.R. 52, 79-80).

███████ also testified as to alleged acts or offenses that were different than the act alleged in the indictment; specifically, ███████ testified that Appellant made requests for ███████ to masturbate him, to allow Appellant to masturbate ███████ and to perform oral sex on Appellant, although none of those requests were fulfilled. (4 R.R. 55). The pornography alleged by the victim to be shown was homemade and unfounded by analyst research. Neither Burnette nor ████ could identify or describe any of the videos and this evidence was excluded. Defense also submitted on Defense exhibit #4 a recorded conversation between the victim and Appellant to where victim admitted that none of these events ever happened. This exhibit was objected by Judge Arkeen from being played in the trial. When questioned about the recorded the victim stated, " No he didn't ever call and that he would have to hear it. Judge Arkeen reviewed the records and told the jury there was a conversation between Victim and Appellant. The Questionable fact of this is based off of hear say verses no evidence. If none of the alleged homemade videos were found or allowed in the trial. The answer is where and how did the appellant expose his genitals to anyone?

Evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

Probable than it would be without the evidence." TEX. R. EVID., Rule 401. Evidence that is not relevant is inadmissible. TEX. R. EVID., Rule 402. Further, rule 404(b) of the Texas Rules of Evidence reads, in pertinent part,

as follows:

Evidence of other crimes, wrongs or acts is not admissible to prove the Character of a person in order to show action in conformity there with. It may, however, be admissible for other purposes, such a proof of Motive, opportunity, intent, preparation, plan, knowledge, identity, or Absence of mistake or accident....

TEX. R. EVID., Rule 404(b). This rule "incorporates the fundamental tenet of our criminal justice system that an accused may be tried only for the offense for which he is charged and not his criminal propensities." *Rankin v. State*, 974 S.W.2d 707,718 (Tex. Crim. App. 1998) (op. on reh'g).

Upon objection to extraneous offense evidence, the proponent of such evidence bears the burden of showing that the evidence has relevance apart from Its character conformity value. *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997). "If the evidence has no relevance apart from supporting the conclusion that the defendant acted in conformity with his character, it is absolutely Inadmissible." *Id.*

In this case, Appellant would urge that the State failed to establish that the various extraneous offenses alleged in this case were admissible under any of the exceptions enumerated in Rule 404(b). For example, the case relied upon by the State at the pretrial hearing to show admissibility of the evidence for purposes of

"Identity," *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008), is distinguishable because "identity" was not a true issue in this case. This case did not involve a situation where in a crime was committed and there was a genuine question of what person committed the crime. Rather, Appellant's defense was simply that the events alleged never occurred at all. Thus, extraneous allegations do not show a *modus operandi* that links a particular perpetrator to a known crime; to the contrary, they were used in this case simply to bolster the idea for the jury that there were so many allegations against Appellant that he must be guilty of them all. *See Segundo*, 270 S.W. 3d at 87-88. The other case relied upon by the State in its argument is also distinguishable. In *Schexnider v. State*, 943 S.W.2d 194 (Tex.App.—Beaumont 1997, no pet.), the court held that in the Defendant's capital murder trial, evidence of the dismemberment of the corpse was admissible as an extraneous offense because it was interwoven with the indicted offense to the extent that it was part of the same contextual transaction. 943 S.W.2d at 201-202. That 12doctrine is not applicable in this case, however, as the various allegations made against Appellant at the trial involved distinct and completely unrelated events, locations, and participants rather than a single continuous transaction.

Further, the extraneous offenses could not be admissible under the "plan" exception to Rule 404(b). As succinctly stated by the Court of Criminal Appeals: Repetition of the same act or same crime does not equal a "plan." It equals the repeated commission of the same criminal offense offered obliquely to show bad character and conduct in conformity with that bad character—"once a thief, always a thief." This bad-character conformity purpose, whether express or not, is precisely what is barred

10

by Rule 404(b). Thus, if the proponent is unable to articulate exactly how an extraneous act tends to prove a step toward an ultimate goal or overarching plan, the evidence is not admissible to prove part of a "plan."*Daggett v. State*, 187 S.W.3d 444, 451-52 (Tex. Crim. App. 2005). Just as in *Dagget*, the evidence of extraneous offenses herein were nothing more than the alleged repetition of the same act at different times; there was no evidence of an"ultimate goal or overarching plan," thus the evidence was not admissible to provepart of a plan. Nor could the evidence have been admissible to prove opportunity, as Appellant never denied opportunity. *See Powell v State*, 63 S.W. 3d 435, 438-40 (Tex. Crim. App. 2001).

In sum, the testimony presented that Appellant allegedly committed various extraneous offenses at different times, in different locations, and with different individuals, constituted character-conformity evidence and nothing more. It was not probative of whether Appellant committed the specific offense alleged in the Indictment in this case, and it was offered only for a "bad-character-conformity purpose." *See Daggett*, 187 S.W.3d at 452. Such evidence is prohibited by Rules 403 and 404(b). Moreover, such evidence, particularly consisting exclusively of allegations that have never been proven in a court of law on their own merit, unquestionably caused unfair prejudice, confusion of the issues, and misleading of the jury, as there was grossly more extraneous offense evidence than there was evidence pertaining to the specific event alleged in the Indictment. Thus, Appellant urges that the trial court abused its discretion in admitting this evidence.

11

***Harm Analysis***

The effect on appeal of the improper admission of evidence is governed by Rule of Appellate Procedure 44.2(b), which provides that "a nonconstitutional error 'that does not affect substantial rights must be disregarded.'" *Motilla v. State,* 78S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting TEX. R. APP. P. 44.2(b)); *Fowler v. State,* 958 S.W.2d 853, 864-65 (Tex.App.-Waco 1997), aff'd, 991 S.W.2d 258 (Tex. Crim. App.1999). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App.1997) (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). "In assessing the likelihood that the jury's decision was adversely affected by the error, 14 the appellate court should consider everything in the record, including any testimony of physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State,* 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)). If, after reviewing the entire record, the appellate court has grave doubts about the effect of the improper evidence on the outcome, it should require a new trial. *See Fowler,* 958 S.W.2d at 866.

The evidence introduced at trial that supported the verdict included the testimony of ███████ ███ Toni Hardin (mother), Chris Janice., and Officer Sarah Jefferson Simon. Victim testified that appellant masturbated in front of him on multiple

12

occasions and he agreed to this and was paid over $500. Chris Janice testified that he watched the movies on his own free will and was never paid any money as part of any scam, agreement, motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake by the appellant. Chris states that appellant "kind of sort of" masturbated with of them, but appellant was out of sight on the floor away from everyone else. He wasn't even sure if the appellant was doing anything or not cause he was on the floor sitting out of sight of anyone else in room. In this incident Appellant was to have never taken his clothing off. This incident only had taken place one time with the victim ██████ ██ Present. During this event ██████ was on the floor on left side of bed, and Appellant was on right of bed on the floor out of eyesight of everyone in the dark room. Further, the State introduced a prior written statement signed by Chris, who stated: we were at appellant's house about four or five times while I was there. Appellant would be on one side of his bed. He would be pleasuring himself." Chris Janice then testified he only agreed to this statement because he was threatened by Detective Jefferson- Simon. When crossed examined by Defense Chris agreed that he wrote a corrected statement to the appellant. (Entered as Defense exhibit #2) The trial testimony includes this:

**THE STATE: SO YOU ARE SAYING YOU NEVER TOLD THESE THINGS TO SARAH JEFFERSON?**

**CHRIS: I TOLD YOU SHE ASKED ME QUESTIONS, I GAVE HER ANSWERS. SHE ASSUMED HER OWN SCENARIOS.**

**THE STATE: SHE ASSUMED IT. DID SHE READ THIS STATEMENT TO YOU BEFORE YOU SIGNED IT SWEARING THAT IT WAS THE TRUTH?**

CHRIS: YEAH.

THE STATE: AND DID YOU FIND IT TO BE THE TRUTH WHEN YOU SIGNED IT AND SWORE TO IT?

CHRIS: NOPE. I HAD TO SIGN IT

THE STATE: YOU HAD TO SIGN IT. WHY DID YOU HAVE TO SIGN IT?

CHRIS: BECAUSE SHE STATED THAT EVERYBODY IN THE CASE SAID MY NAME, THAT IF I WOULDN'T CORROBRATE, I WOULD BE BROUGHT UP ON CHARGES.

Chris: SHE ASKED. I TOLD YOU SHE OUT IT INTO HER OWN WORDS

The potential harm for a verdict based on extraneous offenses in this case, rather than evidence of the event upon which the Indictment was based, is highlighted by the absolute absence of evidence produced at trial that Appellant exposed his genitals on the event in question. Specifically, although ███████ ███ testified that he saw Appellant's penis on the occasion of the first "group masturbation" event that occurred in Appellant's car the first night they met, that was not the incident upon which the State based its Indictment and witnesses Chris Janice denied knowledge of this event. (4 R.R. 49). The only testimony offered about the pornography and masturbation event that included both ██████ and Chris, which was the incident chosen by the State to be the incident upon which conviction was sought, was offered not by ██████ but by Chris himself. In that testimony, however, Chris denied that Appellant's genitals were exposed. (4R.R. 115-119). In fact, Chris stated that he did not even know whether Appellant was

14

masturbating at the same time everyone else was or what he was doing. (4 R.R. 117-127).

███████ who provided very few details about any of his allegations or could remember the events he testified to the day before when cross examined by defense counsel.

███████ offered *no testimony* regarding a specific occurrence in Appellant's bedroom with Chris present. Accordingly, the jury could only have found that Appellant showed his genitals on that specific occasion by assuming that, because ███████ testified that Appellant had exposed himself before, he must have done so on that occasion, even though there was absolutely no evidence whatsoever to that effect. This constitutes no evidence, or nothing more than a "modicum" of evidence, probative of an essential element of the offense; accordingly, the evidence is insufficient to support Appellant's conviction in this case. *Gonzalez,* 337 S.W.3d at 479.

Accordingly, Appellant's conviction should be reversed and a judgment of acquittal given by Appellant Court.

**Specifically,** The jury was given specific instructions to avoid violating rule 404(b) was to use the given testimony *ONLY* from Chris Janice which they failed to do. Now in any cause the reliability is to be the sworn factor beyond a reasonable doubt to prove innocence or guilt. If the testimony is unreliable then it shall be thrown out. The factors relied only on the testimony of states witness Chris Janice who was treated as a hostile witness by the state and called "Suborning witness by state. (C.R. V4 OF V7 page 146-147 line 25)

15

**THE STATE: I HAVE NO FURTHER QUESTIONS OF THIS LYING,**

**SUBNORING WITNESS.**

Officer Simon testified that she found the accounts given by the juveniles to be consistent. However Detective Jefferson-Simon was not the initial detective who investigated this case the proven sworn statement was given to Detective Davis not Detective Jefferson-Simon. ███████ gave three different statements to Officer Melancon, Detective Davis and Detective Jefferson- Simon. Officer Melancon states that the statement he taken was to be the first and the events Detective Jefferson- Simon wrote up were not consistent to his.


The Court of Criminal Appeals has held that "a rigorous and proper application" of the *Jackson* legal sufficiency standard is "the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt". *Brooks v. State*, 323 S.W.3d 893, 902-03, 906, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 16 61 L.Ed.2d 560 (1979)). To determine the sufficiency of the evidence under the *Jackson* standard, an appellate court must review all of the evidence in the light most favorable to the verdict to determine whether any rational tier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks*, 323 S.W.3d. at 898-99." [E]evidence is insufficient to support a conviction if considering all record Evidence in the light most

16

favorable to the verdict, a fact finder could not have rationally found that each essential element of the charged offense was proven beyond a reasonable doubt." *Gonzalez v. State,* 337 S.W.3d 473, 478 (Tex.App.- Houston [1st Dist.] 2011, pet. ref'd); *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

"Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense;

(2) the record contains a mere 'modicum' of evidence probative of an element of the offense;

(3) the evidence conclusively establishes a reasonable doubt; and

(4) the acts alleged do not constitute the criminal offense charged." *Gonzalez,* 337 S.W.3d at 479.

If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *Id.* (citing *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982)).An appellate court "determine[s] whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict." *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).

## CERTIFICATE OF SERVICE

I delivered a copy of the above and foregoing Motion to the Orange County District
Attorney's Office on February 20, 2015
/s/ Eric Jarrod Williams

18

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays that the court

grant/ Accept Appellant motion in this case, and thereafter remand the case on appellant's

motion for acquittal vacating the trial court judgment and sentence.

RESPECTFULLY SUBMITTED

**Affirmed and Memorandum Opinion filed September 23, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00650-CR

---

## ERIC JARROD WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 128th District Court
Orange County, Texas
Trial Court Cause No. A-080508-R**

---

## MEMORANDUM OPINION

Appellant Eric Jarrod Williams appeals his conviction for indecency with a child. *See* Tex. Penal Code Ann. § 21.11 (Vernon 2011). In two issues, appellant argues that (1) the trial court erred in admitting evidence of extraneous offenses allegedly committed by appellant; and (2) the evidence presented at trial was legally and factually insufficient to establish that appellant committed the specific offense

alleged in the indictment. We affirm.[1]

BACKGROUND

Appellant was indicted for indecency with a child younger than 17 years of age by exposure. *See* Tex. Penal Code § 21.11 (a)(2). The complainant, J.L., was 13 years old at the time of the incident. J.L. testified that he and appellant masturbated together while watching pornographic movies. J.L. testified that he agreed to do so because appellant paid him. J.L. stated that this conduct occurred between 10 and 16 times. Another minor, D.B., testified that he also agreed to masturbate with appellant while watching a pornographic movie for money.

On May 15, 2013, a jury found appellant guilty of indecency with a child by exposure. Appellant elected to have the trial court determine punishment, and the case was reset until June 14, 2013. The trial court assessed punishment on June 14, 2013, at 10 years' confinement probated for 10 years and a fine of $5,000. Appellant was ordered to serve 180 days in the Orange County Jail as a term and condition of probation. This appeal followed.

ANALYSIS

## I.  Admission of Extraneous Offenses

Appellant contends in his first issue that the trial court violated Texas Rule of Evidence 404(b) by admitting evidence of extraneous offenses allegedly committed by appellant during the guilt-innocence phase of his trial. The extraneous offenses at issue were incidents in which appellant allegedly watched pornographic movies and masturbated in front of J.L., and an incident in which appellant allegedly watched a pornographic movie and masturbated in front of

---

[1] Appellant initially appealed to the Ninth Court of Appeals in Beaumont. Pursuant to a docket equalization order, this appeal was transferred to this court. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2013).

2

D.B. Appellant asserts that, because the incident upon which the State elected to base the indictment was a specific event, evidence of extraneous offenses committed by appellant against J.L. and an extraneous offense committed by appellant against D.B. was inadmissible.

We review a trial court's ruling on admission of evidence for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008). The trial court's ruling will be upheld as long as it falls within the zone of reasonable disagreement and is correct under any theory of law applicable to the case. *Id.*; *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).

## A. Extraneous Offenses Against the Complainant

Evidence of other crimes, wrongs, or acts generally is not admissible to prove the character of a person to show action in conformity therewith. Tex. R. Evid. 404(b). Nevertheless, evidence of other crimes, wrongs, or acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon a timely request by the defendant, the State gives reasonable notice in advance of trial of intent to introduce such evidence. *Id.*

The State argues that the trial court did not abuse its discretion because the identity of appellant was at issue. We disagree that identity was at issue. The dispute at trial focused not on the identity of the person who exposed himself to J.L., but on whether J.L. was credible and whether the incident occurred. Thus, identity does not serve as a proper basis for admitting evidence of extraneous offenses in this case. *See Eubanks v. State*, 113 S.W.3d 562, 566 n.1 (Tex. App.—

3

Dallas 2003, no pet.) (identity not at issue in case in which main issue at trial was whether sexual assault occurred and victim testified that she had been sexually assaulted by appellant).

This conclusion does not end the analysis. In cases involving prosecution of a defendant for an offense under Chapter 21 of the Penal Code against a child under 17 years of age, article 38.37 of the Texas Code of Criminal Procedure provides that evidence of crimes, wrongs, or acts committed by the defendant against a child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including the state of mind and relationship between the child and defendant. Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2014). Article 38.37 is an evidentiary rule and supersedes Rule 404 in prosecutions for indecency with a child. *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd); *Morgan v. State*, Nos. 14-01-00809-CR & 14-01-00810-CR, 2002 WL 1438680, at *3 (Tex. App.—Houston [14th Dist.] July 3, 2002, pet. ref'd) (not designated for publication).

Under article 38.37, the extraneous offenses at issue were admissible because they pertained to appellant's state of mind and the nature of appellant's relationship with J.L. *See* Tex. Code Crim. Proc. Ann. art. 38.37; *Sarabia v. State*, 227 S.W.3d 320, 325 (Tex. App.—Fort Worth 2007, pet. ref'd) (pornographic photograph defendant showed victim was admissible because it was relevant to defendant's relationship with victim); *McCulloch v. State*, 39 S.W.3d 678, 681 (Tex. App.—Beaumont 2001, pet. ref'd) (evidence of prior sexual assaults committed by defendant against victim was relevant to victim's and defendant's state of mind, defendant's dominance over victim, and defendant's misuse of his position of family disciplinarian to commit abuse); *Hinojosa v. State*, 995 S.W.2d 955, 958 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (evidence that appellant

4

fondled victim's breasts and private parts at least once a week for 10 years was relevant to the defendant's relationship with the victim); *see also Peters v. State*, No. 07-01-0430-CR, 2002 WL 31439482, at *1 (Tex. App.—Amarillo Oct. 31, 2002, pet. ref'd) (per curiam) (not designated for publication) (evidence of prior indecency with a child offense committed by defendant against victim was relevant to defendant's relationship with victim).

Although the State did not specifically invoke article 38.37 below, it stated in closing argument that the extraneous offenses committed by appellant against J.L. were probative of appellant's attempt to groom J.L. to be a victim. This evidence had a bearing on the nature of the relationship between appellant and J.L., and therefore, it was admissible. *See Sarabia*, 227 S.W.3d at 325; *McCulloch*, 39 S.W.3d at 681; *Hinojosa*, 995 S.W.2d at 958; *see also Peters*, 2002 WL 31439482, at *1.

Article 38.37 may be considered for the first time on appeal as a basis for the admission of the evidence at issue. *See Hitt*, 53 S.W.3d at 706; *McCoy v. State*, 10 S.W.3d 50, 53 (Tex. App.—Amarillo 1999, no pet.) ("The fact that the benefit of the statute was not specifically invoked by the State at trial does not prevent it from being applicable in our consideration of the challenge before us."). A defendant is entitled to notice from the State of its intent to use such evidence if the defendant makes a specific request for such information pursuant to article 38.37. *See* Act of April 21, 2011, 82nd Leg., R.S., ch. 1, § 2.05, 2011 Tex. Sess. Law Serv. 6, 6, *amended by* Act of June 14, 2013, 83rd Leg., R.S., ch. 387, § 3, 2013 Tex. Sess. Law Serv. 1168, 1168-69 (current version at Tex. Code Crim. Pro. Ann. art. 38.37 (Vernon Supp. 2014)).[2] Appellant's request for notice of extraneous offenses did

---

[2] We apply the statute in effect at the time of the conviction, which was the statute as amended effective September 1, 2011. *See* Act of April 21, 2011, 82nd Leg., R.S., ch. 1, § 2.05, 2011 Tex. Sess. Law Serv. 6 (amended 2013). ("The change in law made by this Act applies to

not specifically request notice under article 38.37. Appellant nonetheless had notice of the extraneous offenses. Before the guilt-innocence phase of trial began, the court held a hearing during which the State revealed the extraneous offenses it intended to introduce during trial.

We conclude that the trial court did not abuse its discretion by allowing testimony of extraneous offenses committed against J.L. because it is probative of the appellant's state of mind and relationship between appellant and J.L. *See Weatherred*, 15 S.W.3d at 542 (trial court's ruling will be upheld as long as it is correct under any theory of law applicable to the case).

## B.    Extraneous Offense Against D.B.

Appellant also contends that the trial court erred by allowing testimony of D.B. that D.B. agreed for money to masturbate with appellant while watching a pornographic movie. Article 38.37 does not apply to this evidence because article 38.37 applies only to "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense . . . ." Assuming the trial court erred by allowing the testimony of D.B. with regard to appellant's conduct, we conclude that the asserted error was harmless.

Error in admitting evidence concerning extraneous offenses is a non-constitutional error and is reviewed under Texas Rule of Appellate Procedure 44.2(b). *Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007). Rule 44.2(b) provides that an appellate court must disregard a non-constitutional error that does not affect a criminal defendant's "substantial rights." Tex. R. App. P. 44.2(b); *Sandoval v. State*, 409 S.W.3d 259, 304 (Tex. App.—Austin 2013, no

the admissibility of evidence in a criminal proceeding that commences on or after the effective date [Sept. 1, 2013] of this Act. The admissibility of evidence in a criminal proceeding that commences before the effective date of this Act is covered by the law in effect when the proceeding commenced, and the former law is continued in effect for that purpose.").

6

pet.). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction will not be reversed for non-constitutional error if the appellate court, after examining the record as a whole, "has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

The evidence introduced at trial that supported the verdict included the testimony of J.L., J.L.'s mother, J.L.'s cousin, C.J., and Officer Sarah Jefferson Simon. J.L. testified that appellant masturbated in front of him on multiple occasions. J.L.'s mother, an outcry witness, testified that J.L. told her that appellant masturbated in front of him. C.J. testified that appellant showed J.L. and C.J. pornographic movies and stated that appellant "kind of sort of" masturbated in front of them. Further, the State introduced a prior written statement signed by C.J., which stated: "[N.] and [J.L.] were at [appellant's] house about four or five times while I was there. [Appellant] would be on one side of his bed. He would be pleasuring himself." Officer Simon testified that she found the accounts given by the juveniles to be consistent.

Considering the evidence introduced at trial, we cannot conclude the extraneous offense testimony affected a substantial right of appellant. *See Matthews v. State*, 979 S.W.2d 720, 723 (Tex. App.—Eastland 1998, no pet.) (admission of evidence of extraneous offense of assault was harmless in child abuse case, and did not affect defendant's substantial rights, in light of overwhelming evidence of his guilt). Therefore, the asserted error is not reversible under Rule 44.2(b). Accordingly, we overrule appellant's first issue.

7

## II. Sufficiency of the Evidence

Appellant contends in his second issue that the evidence presented at trial was legally and factually insufficient to establish that appellant committed the specific offense alleged in the indictment. We disagree.

### A. Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *see also Jackson*, 443 U.S. at 319. The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence. *Id.* We draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

### B. Applicable Law

To support a conviction for indecency with a child, the State was required to prove beyond a reasonable doubt that: (1) the child was within the protected age group and not married to the accused; (2) the child was present; (3) the accused had the intent to arouse or gratify someone's sexual desire; (4) the adult knew that

8

a child was present; and (5) that the accused exposed his anus or genitals. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A). Further, because the State presented evidence of more than one act, it was required to elect the specific indictment upon which it sought conviction. The jury charge indicated that the State elected "to rely on the allegation that occurred at the defendant's home, in the presence of [C.J.]"

## C. Analysis

Appellant argues that the only evidence regarding the specific incident elected by the State was C.J.'s testimony, which was insufficient to support appellant's conviction because C.J. "denied that [appellant's] genitals were exposed at that time." We disagree.

J.L. testified that he first met appellant when he was 14 years old at his aunt's house.[3] On that occasion, appellant asked J.L. and two of J.L.'s male cousins, including C.J., to masturbate in front of him. J.L. stated that appellant promised to pay each of the males $10 and promised to pay an extra $10 to the person who "finished first." J.L. testified that appellant drove J.L. and his cousins to a parking lot where appellant took out his laptop and turned on a pornographic movie. J.L. stated that the males, including appellant, masturbated together. J.L. stated that he and appellant masturbated together between 10 and 16 times in Orange County, Texas and Vinton, Louisiana. J.L. indicated that sometimes he was alone with appellant and sometimes other boys were present. J.L. stated that he "went to [appellant's] house a couple of times" to masturbate. J.L. stated that, when he went to appellant's house,

> [Appellant] would put a — like when we was at his house, he would put the laptop on the bed where we both could see it and he would put a blanket on the floor. He would grab some lotion and stuff like that;

---

[3] Later testimony indicated that J.L. was 13 years old at the time of the incident.

but I told him, 'I ain't — I ain't want none.' And, you know, he will just put — he would get naked sometimes; and I just pulled my pants down.

After J.L. testified, the State called C.J. to testify. C.J. provided testimony that was contrary to a previous written statement that he signed; the State requested that C.J. be designated as a hostile witness. The relevant testimony included this exchange:

THE STATE: Okay. Was there an instance where you masturbated at his house?

C.J.: Yeah.

THE STATE: Was there an instance, at least one occasion, where your cousin, [J.L.], was there?

C.J.: Yeah.

THE STATE: And y'all watched [a] sex tape?

C.J.: Yeah.

THE STATE: And he masturbated?

C.J.: Yeah.

THE STATE: And [appellant] masturbated with y'all?

C.J.: Kind of sort of.

THE STATE: Okay.

C.J.: But he wasn't like in plain sight.

To impeach this testimony, the State presented a sworn statement by C.J. stating: "[N.] and [J.L.] were at [appellant's] house about four or five times while I was there. [Appellant] would be on one side of his bed. He would be pleasuring himself."

The jury is the sole judge of the credibility of the witness and the weight to be given to the witness's testimony. *Spearman v. State*, 307 S.W.3d 463, 469 (Tex. App.—Beaumont 2010, pet. ref'd). Based on the inconsistencies between C.J.'s testimony at trial and in his written statement, reasonable jurors could have

disregarded his testimony at trial. *See id.*

J.L. testified that appellant masturbated in front of him and others at appellant's house. C.J. testified that he saw J.L. masturbate at appellant's house. C.J. also testified that he saw appellant "kind of sort of" masturbating in J.L.'s presence. C.J.'s prior statement indicated that appellant masturbated in front of the boys in appellant's house. Viewing the evidence in a light most favorable to the verdict, a reasonable jury could have concluded that appellant was guilty of indecency with a child. *See Gear*, 340 S.W.3d at 746.

We conclude that the evidence is legally sufficient to support appellant's conviction. Accordingly, we overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's two issues on appeal, we affirm the trial court's judgment.


/s/   William J. Boyce
Justice


Panel consists of Justices Boyce, Busby, and Wise.
Do not Publish — Tex. R. App. P. 47.2(b).